PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

F I L E D
United States Court of Appeals
Tenth Circuit

NOV 12 2004

PATRICK FISHER
Clerk

UNITED STATES OF AMERICA,

Petitioner-Appellee,

v.

JUAN HERNANDEZ-RODRIGUEZ,
aka Antonio Diaz-Dolotreo, aka Juan
H. Rodriguez,

Defendant-Appellant.

No. 04-4026

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
(D.C. NO. 1:03-CR-119-DKW)

Submitted on the briefs.

Wayne T. Dance, Assistant United States Attorney (Paul M. Warner, United
States Attorney, with him on the briefs), Salt Lake City, Utah, for Plaintiff-
Appellee.

Hakeem Ishola, Ishola & Associates, P.C., Salt Lake City, Utah, for Defendant-
Appellant.

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

**HENRY,** Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. *See* FED. R. APP. P. 34(f); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

At the end of the day, we are asked to determine whether a state misdemeanor conviction for attempted riot is an aggravated felony for purposes of 8 U.S.C. § 1101(a)(43). In November 2003, Mr. Hernandez-Rodriguez pleaded guilty to illegal reentry into the United States in violation of 8 U.S.C. § 1326. The district court sentenced Mr. Hernandez-Rodriguez to twenty-four months' imprisonment, and thirty-six months' supervised release.

Mr. Hernandez-Rodriguez raises one issue on appeal – whether the district court erred in imposing an eight-level enhancement for previous conviction of an aggravated felony under United States Sentencing Guideline Manual § 2L1.2(b)(1)(C), because the offense meets the "crime of violence" definition in 18 U.S.C. § 16(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo the district court's decision, we affirm.

## I. BACKGROUND

Under the distended sentencing procedure required to analyze this case, we must look to a panoply of guidelines, statutes, and cases to determine the meaning of the terms at issue. First, pursuant to the guidelines, courts sentencing illegal re-entrants must "[a]pply the [g]reatest" of the following sentencing enhancements: "If the defendant previously was deported . . . after: . . . (C) a conviction for an aggravated felony, increase by 8 levels." U.S. SENTENCING GUIDELINES MANUAL 2L1.2(b)(1)(C). Unfortunately, this section does not define "aggravated felony." In order to define the term, we must consult Application Note 2, which notes that "[f]or purposes of subsection (b)(1)(C), 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43), without regard to the date of conviction of the aggravated felony."

Turning to this provision, an "aggravated felony" means "a crime of violence (as defined in section 16 of Title 18 . . .) for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(f). Mr. Hernandez-Rodriguez's sentence of 365 days of imprisonment for the attempted riot conviction, with 305 days suspended, satisfies the year of imprisonment requirement.

So we continue down the path to 18 U.S.C. § 16, pursuant to which a "crime of violence" means:

-3-

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Because Mr. Hernandez-Rodriguez's conviction for attempted riot is a misdemeanor under Utah law, it cannot qualify as a crime of violence under Section 16(b). Thus our operative concern – whether this somewhat unique Utah misdemeanor is an aggravated felony for guideline purposes – turns on whether this offense has an element requiring some kind of use of force against a person or property.

## II. DISCUSSION

We review de novo the determination that a prior offense is an "aggravated felony" under the Sentencing Guidelines. *United States v. Venegas-Ornelas*, 348 F.3d 1273, 1274 (10th Cir. 2003). Mr. Hernandez-Rodriguez contends that his conviction for attempted riot does not involve as an element the use of physical force against another person or the property of another. The Utah statute provides that:

(1) A person is guilty of riot if:

(a) simultaneously with two or more other persons he engages in tumultuous or violent conduct and thereby knowingly or recklessly creates a substantial risk of causing public alarm; or

(b) he assembles with two or more other persons with the purpose of engaging, soon thereafter, in tumultuous or violent conduct, knowing, that two or more other persons in the assembly have the same purpose; or

(c) he assembles with two or more other persons with the purpose of committing an offense against a person or property of another who he supposes to be guilty of a violation of law, believing that two or more other persons in the assembly have the same purpose.

2) Any person who refuses to comply with a lawful order to withdraw given to him immediately prior to, during, or immediately following a violation of Subsection (1) is guilty of riot. It is no defense to a prosecution under this Subsection (2) that withdrawal must take place over private property; provided, however, that no persons so withdrawing shall incur criminal or civil liability by virtue of acts reasonably necessary to accomplish the withdrawal.

(3) Riot is a felony of the third degree if, in the course of and as a result of the conduct, any person suffers bodily injury, or substantial property damage, arson occurs or the defendant was armed with a dangerous weapon, as defined in Section 76-1-601; otherwise it is a class B misdemeanor."

UTAH CODE ANN. § 76-9-101.

Pursuant to Utah law, a conviction for an *attempted* offense is classified one category lower than a conviction for the corresponding completed offense. UTAH CODE ANN. § 76-4-102. Thus, a third-degree felony is reduced to a Class A misdemeanor for an attempt to commit that offense. *Id.* Because Mr. Hernandez-Rodriguez pleaded guilty to attempted riot, his offense was reduced to a Class A misdemeanor.

According to § 16(a), we are to consider whether attempted riot is "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Because this statute is written in the disjunctive, however, it is not clear that a generic charge under the statute has the requisite force element. To decide whether "attempted riot" is a crime of violence under § 16(a), we apply the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Reyes-Castro*, 13 F.3d 377, 379 (10th Cir. 1993).

In determining whether the elements of an offense meet the guideline formulation of an aggravated felony, we look to the category of crime defined by that offense. This "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602. This categorical approach, however, "may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of [the generic crime]." *Id.*

Our task may be more complicated when faced with a statute that is worded in the disjunctive. As the Third Circuit has noted in the similar context of a plea to the crime of embezzlement:

> Statutes phrased in the disjunctive are akin to, and can be readily converted to, statutes structured in outline form, with a series of numbered or letter elements . . . . Such statutes may sometimes more clearly invite further inquiry into exactly which subsection the defendant

violated. **The exercise of analyzing disjunctive statutes for an invitation to further inquiry is much more difficult . . . for it poses the vexing question of how far below the judgment or plea colloquy the court may look.**

*Singh v. Ashcroft*, 383 F.3d 144, 2004 WL 2072113, 13 (3rd Cir. Sept. 17, 2004) (emphasis supplied). We agree with the defendant that § 76-9-101, specifically subsection (c), reaches behavior that may or may not encompass conduct that constitutes a crime of violence and conduct that does not. *See also* Aplt's App. at 29 (Sentencing Tr. dated Jan. 26, 2004) (government conceded that "if the prosecutor only alleged [a violation of subsection] C we have an argument").

Nevertheless, in this situation, as in other cases interpreting ambiguous statutes, our categorical approach allows us to "look to the charging paper and judgment of conviction in order to 'determine if the actual offense the defendant was convicted of qualifies as a crime of violence.'" *Venegas-Ornelas*, 348 F.3d at 1275 (quoting *Sareang Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir. 2000)); *see United States v. Smith*, 10 F.3d 724, 734 (10th Cir. 1993) ("The problem in this case is that Defendant's statutory count of conviction, section 459 (and 460(b) [of the California Penal Code]), is ambiguous because it encompasses burglaries of dwellings and non-dwellings, alike," and, after reviewing the official charging papers and sentencing documents in the record, holding Defendant's second-degree burglary conviction not to be a crime of violence). Nevertheless, when reviewing the charging documents, the judgment and/or the plea agreement,

unless embodied therein, "we may not consider the particular facts surrounding the conviction." *Venegas-Ornelas*, 348 F.3d at 1275.

The Utah Information alleged that Mr. Hernandez-Rodriguez committed a third-degree felony by causing a riot in violation of § 76-9-101 because "said defendant:"

> (1) simultaneous with two or more other persons he engaged in **tumultuous or violent conduct and thereby knowingly or recklessly created a substantial risk of causing public alarm and/or**
>
> (2) assembled with two or more other persons with the purpose of engaging, soon thereafter, in tumultuous or violent conduct, knowing, that two or more other persons in the assembly had the same purpose and/or
>
> (3) assembled with two or more other persons with the purpose of committing an offense against a person or property of another who he supposes to be guilty of a violation of law, believing that two or more other persons in the assembly have the same purpose,
>
> and in the course and as a result of the conduct, **D. Gonzales suffered bodily injury.**

Aplt's App. at 35 (emphasis supplied).

We agree with the district court's conclusion that the charging document and plea support a finding that this conviction under § 76-9-101 is a crime of violence. The district court did not engage in any factfinding, but instead relied on readily available facts to which the defendant has stipulated. The charging document and the judgment unequivocally establish that Mr. Hernandez-Rodriguez's conviction for a violation of the attempted riot statute was an "offense

-8-

that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). The conviction therefore qualifies as an aggravated felony within the meaning of guideline § 2L1.2.

Finally, the government encourages us to consider the "incorporated police report," which establishes that Mr. Hernandez-Rodriguez was actually charged under subsection (1)(a) of the riot statute. *See* Aple's Br. at 14 ("The police report further limits the charged offense to subsection (1)(a)."). Mr. Hernandez-Rodriguez maintains that "[p]olice reports of the instant conduct have not been made available to [him.]" Aple's Supl. App. at 17. The government states that "[t]he police report established that Hernandez-Rodriguez 'got into the fight.'" *Id.* at 14. Contrary to the government's assertions, the police report is not part of our record, and is neither attached to, nor incorporated by, the information. *See* Aple's Br. at 11 (citing *Smith*, 10 F.3d at 734 (allowing examination a police report, but one that was "apparently incorporated into the Defendant's charging papers")). We cannot consider the police report, as it was not part of the "charging paper and judgment of conviction" or the "plea . . . and findings of this court." *Venegas-Ornelas*, 348 F.3d at 1275.

## III. CONCLUSION

We therefore AFFIRM Mr. Hernandez-Rodriguez's sentence.

Entered for the Court,

Robert H. Henry
Circuit Judge