**F I L E D**

**UNITED STATES COURT OF APPEALS**

**April 30, 2007**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

PHILLIP BRADLEY POLK,

     Defendant-Appellant.

No. 06-5157
(D.Ct. No. 05-CR-39-TCK)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Appellant Phillip Bradley Polk pled guilty to one count of possession of a

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

firearm and ammunition after former conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a). He now appeals his sentence on grounds the district court erroneously enhanced his sentence under the armed career criminal statute, 18 U.S.C. § 924(e), and United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 4B1.4(b)(3)(B). We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Polk's conviction and sentence.

## I. Procedural Background

After Mr. Polk pled guilty, the probation officer prepared a presentence report providing information on Mr. Polk's offense conduct and prior criminal history and calculating his sentence under the applicable Guidelines. The probation officer set his base offense level at twenty pursuant to U.S.S.G. § 2K2.1(a)(4)(A) and increased his base level two levels pursuant to § 3C1.1 for obstruction of justice, for an adjusted offense level of twenty-two. The probation officer then determined Mr. Polk was an armed career criminal because he was convicted of at least three prior violent felonies, including four second-degree burglary convictions (to which he pled guilty) and a conviction for robbery with a firearm after former conviction of a felony; as a result, the probation officer increased Mr. Polk's total offense level to thirty-three pursuant to § 4B1.4(b)(3)(B). The presentence report also set Mr. Polk's criminal history

category at V, which, together with an offense level of thirty-three, resulted in a recommended Guidelines sentencing range of 210 to 262 months imprisonment.

## II. Procedural Background

Mr. Polk filed a formal written objection to the presentence report contesting his status as an armed career criminal. In his written objection, Mr. Polk generally relied on 21 Okla. Stat. Ann. § 1435 in support of his claim his second degree burglary convictions did not constitute violent felonies because that statute includes non-violent conduct and burglaries which are not of buildings or dwellings, as required by *Taylor v. United States*, 495 U.S. 575, 598 (1990). In his objection and at the sentencing hearing, Mr. Polk also suggested insufficient proof established the burglaries occurred inside a building or dwelling and that only burglaries of dwellings, under the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13 (2005), can constitute "crimes of violence," given U.S.S.G. § 4B1.2(a)(2) and commentary note one only refer to burglaries of dwellings.

In response, prior to the sentencing hearing the probation officer submitted the charging documents relied on in preparing the presentence report, which established Mr. Polk committed at least three of the prior burglaries in business buildings. Both the probation officer and government counsel also explained

§ 4B1.2, relied on by Mr. Polk, was inapplicable because it refers to the career offender statute and "crimes of violence." Instead, they pointed out, § 4B1.4 and 18 U.S.C. § 924(e)(1) and (2)(B) apply to enhancements for armed career criminals and require three "violent felonies," which include burglaries. They further explained that the Supreme Court, in *Taylor,* defined burglary, for the purposes of the armed career criminal statute, as an unlawful or unprivileged entry into a building or other structure.

After hearing the parties' arguments at sentencing, the district court explicitly determined Mr. Polk had at least three prior convictions involving violent felonies, as defined by both § 924(e)(2) and *Taylor*. In arriving at this conclusion, the district court noted the evidence submitted by the government established Mr. Polk's prior burglary convictions involved businesses, and therefore, Mr. Polk's criminal conduct, which could have placed individuals in danger, resulted in convictions constituting violent felonies. Following the district court's determination the burglaries constituted violent felonies, Mr. Polk offered no other objections to the presentence report but requested leniency in sentencing. In turn, the government requested a sentence at the high end of the Guidelines range at 262 months imprisonment, pointing out Mr. Polk amassed an extraordinary criminal history over the past thirty-five years, with eleven felony convictions and many more arrests, but served only a fraction of the total ninety-

one years in criminal sentences received. It also suggested a lengthy sentence would deter Mr. Polk from committing additional crimes and send a message to those like him who disrespect the law.

In entering the sentence, the district court stated it had considered the advisory Guidelines as well as the factors in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, Mr. Polk's extensive criminal history, the need to remove him from society, and his age of fifty. Based on its consideration of these factors, it concluded a sentence at the low end of the Guidelines range was appropriate and sentenced Mr. Polk to 210 months imprisonment followed by five years supervised release.

## III. Discussion

On appeal, Mr. Polk again claims the district court erroneously sentenced him as an armed career criminal, renewing his argument his prior burglaries did not constitute violent felonies because the Oklahoma statute under which he was convicted, 21 Okla. Stat. Ann. § 1435, broadly defines burglaries to include non-violent conduct. He further cursorily contends the charging documents or informations for his previous burglary convictions are insufficient to establish they constituted violent felonies, but fails to explain how they are insufficient or furnish them on appeal for review. Alternatively, in one single sentence Mr. Polk

summarily suggests he is entitled to a jury trial on the issue of whether his prior convictions are sufficient to enhance his sentence. Other than these contentions, Mr. Polk does not suggest his sentence is unreasonable.

In raising these issues, Mr. Polk essentially argues his sentence is unreasonable based on the application of the Guidelines armed career criminal enhancement. We review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a).[1] *See United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006), *petition for cert. filed* (Nov. 22, 2006) (No. 06-7990). We have determined a presumption of reasonableness attaches to a sentence which is within the correctly-calculated Guidelines range. *See United*

---

[1] 18 U.S.C. § 3553(a) provides, in part, that the court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available; ...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

*States v. Kristl*, 437 F.3d 1050, 1053-54 (10th Cir. 2006) (*per curiam*). We

require reasonableness in two respects – "the length of the sentence, as well as the

method by which the sentence was calculated." *Id.* at 1055 (emphasis omitted).

If the district court "properly considers the relevant Guidelines range and

sentences the defendant within that range, the sentence is presumptively

reasonable," but "[t]he defendant may rebut this presumption by demonstrating

that the sentence is unreasonable in light of the other sentencing factors laid out

in § 3553(a)." *Id.* at 1055. In determining whether the district court properly

considered the applicable Guidelines, we review its legal conclusions de novo and

its factual findings for clear error. *See id.* at 1054.


In this case, our reasonableness examination centers on the district court's

application of the armed career criminal enhancement. We have held the

Supreme Court's decision in *United States v. Booker*[2] does not require the

government to charge in an indictment or prove to a jury either the existence of

prior convictions or their classification as violent felonies. *See United States v.*

*Moore*, 401 F.3d 1220, 1221, 1224-25 (10th Cir. 2005) (determining the

government did not need to include § 924(e) in the indictment for the purpose of

using the defendant's prior violent felonies to enhance his sentence). With

respect to the existence of prior convictions*:*

_____

[2] 543 U.S. 220 (2005).

> *Booker* expressly reaffirms the Supreme Court's holding a prior conviction is an exception to factual jury submissions by stating, "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

*United States v. Austin*, 426 F.3d 1266, 1270 (10th Cir. 2005) (quoting *Booker*, 543 U.S. at 244), *cert. denied*, 126 S. Ct. 1385 (2006). Thus, the government did not need to charge the fact of Mr. Polk's prior burglary convictions in the indictment or to a jury for the purpose of applying the contested enhancement.

With respect to the characterization of prior convictions, we have determined it involves a question of law and not fact, so it "does not implicate the Sixth Amendment for the purpose of requiring the characterization of the offense to be charged in the indictment and proven to a jury." *Austin*, 426 F.3d at 1270; *see also Moore*, 410 F.3d at 1224-26 & n.2. However, when a defendant contests whether his prior conviction is a "violent felony," as in this case, the trial court generally must take a categorical approach by looking only to the fact of the conviction and the statutory definition of the prior offense. *See United States v. Hernandez-Rodriguez*, 388 F.3d 779, 782 (10th Cir. 2004) (relying on *Taylor,* 495 U.S. at 602). Then, if the statute involves conduct which may or may not encompass conduct constituting a violent felony, "an exception exists allowing the district court to 'look to the charging paper and judgment of conviction'" to

determine if the actual offense the defendant was convicted of qualifies as a violent felony. *See Austin*, 426 F.3d at 1270 (quoting *Hernandez-Rodriguez*, 388 F.3d at 783). "Since our decision in *Hernandez-Rodriguez* and the Supreme Court's decisions in *Taylor, Blakely*, and *Booker*, the Supreme Court has looked at the categorical approach and exceptions thereto in the context of situations where, like here, the defendant pled guilty to a prior offense."[3] *Id.* (relying on *Shepard*, 544 U.S. at 17-20). In determining the character of the prior offense used to increase a sentence, it explained a court is "'generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Id.* at 1270-71 (quoting *Shepard*, 544 U.S. at 16). Review of a sentence enhancement under the Armed Career Criminal Act is a legal issue subject to de novo review. *See Moore,* 410 F.3d at 1225.

In this case, the categorical approach begins with an examination of the applicable statutes or provisions. Section 924(e) of the Armed Career Criminal Act provides for a minimum sentence of fifteen years for a person convicted

---

[3] Mr. Polk pled guilty to all four second-degree burglary counts charged. While the informations or charging documents were not provided on appeal, the district court stated on the record they all involved burglaries of businesses as reflected in the presentence report, which lists three of the buildings Mr. Polk burglarized as businesses, including a pharmacy, a business called Mr. Bob's, and a convenience store.

under § 922(g) of being a felon in possession of a firearm who has three previous convictions for "violent felonies." *See* 18 U.S.C. §§ 922(g)(1) and 924(e)(1) and (2)(B); *see also* U.S.S.G. § 4B1.4(a). The Act defines the term "violent felony" as a "crime punishable by imprisonment for a term exceeding one year." *See* 18 U.S.C. § 924(e)(2)(B). "Burglary" is explicitly considered a violent felony under the Act. *See* 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court has defined burglary as an "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 598. Therefore, it does not limit violent felony burglaries to only "dwellings" or homes, as Mr. Polk contends. However, as he points out, the Oklahoma burglary statute under which he was convicted defines burglary very broadly, by including, for example, the forcible entry into any coin-operated or vending machine, which does not involve entry into a building and arguably is not a "violent felony." *See* 21 Okla. Stat. Ann. § 1435.[4]

While the statute under which Mr. Polk was convicted broadly covers non-

---

[4] Section 1435 states:

Every person who breaks and enters any building or any part of any building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection, in which any property is kept, or breaks into or forcibly opens, any coin-operated or vending machine or device with intent to steal any property therein or to commit any felony, is guilty of burglary in the second degree.

building burglaries involving arguably non-violent conduct, the charging documents made available to the district court in this case, and to which Mr. Polk pled guilty, establish the actual burglaries committed by Mr. Polk occurred by entry into business buildings, which conceivably could have been occupied, thus placing individuals in danger. Therefore, the district court reasonably concluded Mr. Polk's prior convictions constituted "violent felonies," as defined by the Supreme Court in *Taylor*.

For these reasons, it is clear the district court reasonably applied the armed career criminal enhancement in sentencing Mr. Polk. Moreover, we note the district court in this case explicitly considered the factors in § 3553(a), and because it sentenced Mr. Polk within the applicable Guidelines range, his sentence is presumptively reasonable. Mr. Polk clearly has not rebutted this presumption by demonstrating the sentence is unreasonable in light of the sentencing factors in § 3553(a). Rather, his cursory arguments on appeal are woefully insufficient to meet this burden.

## IV. Conclusion

For these reasons, we **AFFIRM** Mr. Polk's conviction and sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge