**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSE ANAEL PINTO-PADILLA,

    Defendant-Appellant.

No. 08-1280
(D.Ct. No. 1:08-CR-00036-LTB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT, ANDERSON,** and **BRORBY**, Circuit Judges.


After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.


Defendant-Appellant Jose Anael Pinto-Padilla pled guilty to one count of illegal re-entry of a deported alien following a felony conviction, in violation of 8

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 1326(a) and (b)(1). He now appeals his fifty-seven-month sentence, arguing it is procedurally and substantively unreasonable under the 18 U.S.C. § 3553(a) sentencing factors due to the over-representation of his criminal history. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Pinto-Padilla's sentence.

I. Factual and Procedural Background

In his plea agreement to the instant offense, Mr. Pinto-Padilla stipulated to the following facts: He is a citizen of Honduras, who was first arrested by authorities in Colorado Springs, Colorado, on or about November 2, 2004, and convicted in the El Paso County District Court of "Felony Menacing – Real or Simulated Weapon." Following his conviction, he was deported on July 7, 2005. He re-entered the United States on May 20, 2006, and was again deported on September 8, 2006. On November 6, 2006, Mr. Pinto-Padilla again re-entered the United States, where he was found on February 27, 2007. On January 9, 2008, he was interviewed by a Bureau of Immigration and Customs Enforcement agent and admitted to not being a United States citizen, having previously been deported, and having re-entered the United States without the permission of appropriate government officials.

On May 16, 2008, Mr. Pinto-Padilla pled guilty to one count of illegal re-

entry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b)(1). In exchange for his guilty plea, the government agreed to recommend the maximum reduction in his offense level for acceptance of responsibility and a sentence at the bottom of the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range. The plea agreement also noted the parties' possible disagreement over whether Mr. Pinto-Padilla's criminal history should include his felony conviction for criminal impersonation and Mr. Pinto-Padilla's intent to seek a variant sentence or downward departure for over-representation of his criminal history, should it include that conviction.

Following Mr. Pinto-Padilla's guilty plea, a probation officer prepared a presentence report calculating his sentence under the applicable 2007 Guidelines. The probation officer set his base offense level at eight, pursuant to U.S.S.G. § 2L1.2(a), and increased his base level sixteen levels, pursuant to § 2L1.2(b)(1)(A)(ii), which applies to crimes of violence, because he had previously been deported following his prior conviction for "Felony Menacing – Real/Simulated Weapon and Assault 3 – Know/Reckless Cause Injury" which involved an incident in which Mr. Pinto-Padilla stabbed two individuals. The probation officer also recommended a three-level offense reduction for acceptance of responsibility, for a total offense level of twenty-one, which, together with his criminal history category of IV, resulted in a recommended Guidelines range of

-3-

fifty-seven to seventy-one months imprisonment.

In calculating Mr. Pinto-Padilla's criminal history category, the probation officer included three points for his prior felony conviction for criminal impersonation to gain a benefit. The probation officer noted court records verified the criminal impersonation charge stemmed from a residential disturbance call investigated by police, where they encountered Mr. Pinto-Padilla and asked for identification, to which he responded by providing them with a Mexican driver's license with an alias. However, after his true identity was discovered and officers learned he had an outstanding warrant for his arrest and a permanent restraining order against him, he was taken into custody, pled guilty to the felony charge of criminal impersonation to gain a benefit, and received a fifteen-month sentence and mandatory parole of one year.

Neither party objected to the presentence report. However, Mr. Pinto-Padilla filed a "Motion For Variance Or Downward Departure," requesting the district court "vary or depart" for an adjusted criminal history category of III, pursuant to U.S.S.G. § 4A1.3, based on his claim his conviction for criminal impersonation caused his criminal history to be over-represented. The probation officer responded by stating no downward departure was warranted.

-4-

At the beginning of the sentencing hearing, the district court noted it had reviewed the presentence report "in the light of 18 U.S.C. Section 3553(a)" and then questioned Mr. Pinto-Padilla's counsel concerning the defense's pending motion:

Court:      Now, ... .you have reviewed the Presentence Report with your client ... [and] have filed no objection to the advisory Guideline range, correct?

[Counsel]:    That is correct, your Honor.

Court:      You have also filed a motion styled "Motion for Variance or Downward Departure." As I read that motion it rests upon Guideline Section 4A1.3, in which you assert that the advisory Criminal History Category Level should be III rather than IV, based on over-representation; which is I think correctly construed as a motion for a downward departure rather than a variant sentence. Would you agree?

[Counsel]:    I do agree, your Honor.

Court:      Okay. Do you want to be heard further on that question?

[Counsel]:    ... Your Honor, my position on that is based on the factual basis of that charge for criminal impersonation. And I don't think anyone would disagree with me, but according to probation the facts in that case consist of Mr. Pinto[-Padilla] basically being contacted in his home by the police, and he shows them his ID from Mexico, which apparently was not his correct ID.

                  It wasn't a situation where he went and tried to ... use an ID to cash a check or ... defraud somebody out of some money....

Court:      It could be construed as interfering with a law

|  |  |
|---|---|
| | enforcement function. |
| [Counsel]: | ... [I]t was something that he did in response to contact by the government, and I just would ask the Court to consider that and consider that it could be construed as over-representation of his criminal history. |
| Court: | Well, I certainly have discretion to consider that. As I just said, it cuts two ways, and the way that I just looked at it, it cuts in terms of an interference with a law enforcement function ... [even though] it's not something that involves overt violence. |

R., Vol. 2 at 2-4.

Following this colloquy, the district court explained: (1) § 4A1.3(b)(1)[1] provides for a downward departure if the defendant's criminal history category substantially over-represents the seriousness of his criminal history or likelihood he will commit other crimes; (2) the language of the Guidelines provision uses the word "substantially" and focuses on a defendant's entire criminal history; and (3) that its decision on whether to depart under that Guidelines provision was "discretionary." It then discussed Mr. Pinto-Padilla's criminal history, including: (1) the fact that within a one-year period he was deported two times; (2) he sustained two felony convictions; and (3) his conviction for criminal impersonation to gain a benefit involved "the presentation of the false identification to a law enforcement officer to avoid his detection [of] being in this

---

[1] The sentencing transcript incorrectly cites the Guidelines section at issue as § "4A1.3(2)(b)(a)."

country illegally." *Id.* at 5. The district court then stated:

> I cannot, in light of the criminal history reflected regarding Mr. Pinto[-Padilla], conclude that this criminal history substantially over-represents the seriousness of his criminal history or the likelihood that he will commit further future offenses. I just don't think that you have met your burden in that respect.
>
> And [government counsel] ... is recommending a sentence at the bottom of the Guideline range, which range is undisputed to be 57 to 71 months.
>
> ....
>
> Having had the benefit of reviewing the Presentence Report, particularly in light of [government counsel's] recommendation, I will tell you that my inclination is to follow that recommendation under the analysis that would entail under 18 U.S.C. Section 3553(a).

*Id.* at 5-6. After providing Mr. Pinto-Padilla an opportunity to address the court, the district court found "no reason to depart from the Guideline range," and imposed a sentence of fifty-seven months imprisonment, which is at the bottom of the Guidelines range of fifty-seven to seventy-one months imprisonment.

## II. Discussion

On appeal, Mr. Pinto-Padilla simply frames the issue as: "Was Defendant's sentence for Illegal Re-entry After Deportation Following a Felony Conviction reasonable?" Apt. Br. at 1. In support, he states that his criminal history category over-represented his criminal history and the "District Court's analysis of this issue led to both procedural and substantive unreasonableness because of

[its] failure to consider the § 3553(a) factors." *Id.* While Mr. Pinto-Padilla acknowledges his conviction for criminal impersonation resulted from him showing police officers a Mexican driver's license with an alias, he argues the district court's statement that the offense could be interpreted as interference with law enforcement "loosely fits the definition of the crime" under the relevant Colorado statute, § 18-5-113(1)(e). He also argues no evidence shows he possessed any requisite mental intent to "gain a benefit," and that the record contains no information on the circumstances of his guilty plea to that particular conviction. For these reasons, he suggests his criminal history category of IV was over-represented and his fifty-seven-month sentence is unreasonably long. In making his argument, Mr. Pinto-Padilla asserts his sentence is procedurally unreasonable based on his claim the over-representation of his criminal history should have been reflected in the district court's analysis of the § 3553(a) factors and his contention the district court somehow committed a "misapplication of the § 3553(a) factors." He also generally claims his sentence is "substantively unreasonable" under the applicable § 3553(a) factors.

We begin our discussion by clarifying that a sentence above or below the recommended Guidelines range based on an application of Chapters Four or Five of the Guidelines is referred to as a "departure," while a sentence above or below the recommended Guidelines range through application of the sentencing factors

in 18 U.S.C. § 3553(a) is called a "variance." *United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007). As the district court indicated and trial counsel agreed, regardless of how Mr. Pinto-Padilla styled his sentencing motion, he was arguing for a downward departure by explicit reference to Chapter 4 of the Guidelines when he asserted over-representation of his criminal history under U.S.S.G. § 4A1.3. In his motion, Mr. Pinto-Padilla made no mention of the 18 U.S.C. § 3553(a) factors, which are applied in situations involving a variance. To the extent Mr. Pinto-Padilla is still arguing for a downward departure, which the district court expressly denied, we lack "jurisdiction ... to review a district court's discretionary decision to deny a motion for downward departure on the ground that a defendant's circumstances do not warrant the departure ... unless the court unambiguously states that it lacks such discretion," which is not the situation here. *United States v. Sierra-Castillo*, 405 F.3d 932, 936 (10th Cir. 2005).

However, even if we lack jurisdiction to review the denial of Mr. Pinto-Padilla's downward departure request, we retain jurisdiction to review his sentence for reasonableness under the § 3553(a) factors, taking into account the defendant's asserted grounds for departure when conducting a reasonableness review. *See United States v. Chavez-Diaz*, 444 F.3d 1223, 1229 (10th Cir. 2006). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a

substantive component, which relates to the length of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008).

In determining whether the district court properly applied the Guidelines in calculating a sentence, we generally review its legal conclusions de novo and its factual findings for clear error. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (*per curiam*). However, in this case, because Mr. Pinto-Padilla did not specifically object to the procedural reasonableness of his sentence before the district court, we review his claim of procedural unreasonableness only for plain error. *See United States v. Romero*, 491 F.3d 1173, 1176-77 (10th Cir.), *cert. denied*, 128 S. Ct. 319 (2007). While we look to see whether the district court properly applied the Guidelines in calculating a sentence to ascertain its procedural reasonableness, "[i]n *Gall*, the Supreme Court identified 'failing to consider the § 3553(a) factors' and 'failing to adequately explain the chosen sentence' as forms of procedural error" as well. *Smart*, 518 F.3d at 803 (quoting *Gall v. United States*, ___U.S. ___, 128 S. Ct. 586, 597 (2007)).

On the other hand, "[a] challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence." *Smart*, 518 F.3d at 804. We do not require a defendant to object to the substantive reasonableness of his sentence to

preserve the issue on appeal and, instead, review the length of his sentence for an abuse of discretion. *See Smart*, 518 F.3d at 805-06. If the sentence is within the correctly-calculated Guidelines range, we may apply a presumption of reasonableness. *See Kristl*, 437 F.3d at 1054-55. The defendant or the government may rebut this presumption by demonstrating the sentence is unreasonable when viewed under the § 3553(a) factors. *See id.* The § 3553(a) factors include not only "the nature of the offense," but the "characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime" and "to provide adequate deterrence ...." *Kristl*, 437 F.3d at 1053.

With these principles in mind, we turn to Mr. Pinto-Padilla's appeal. In challenging his criminal history category, Mr. Pinto-Padilla is essentially asking, for the first time on appeal, that we consider the underlying facts of his prior felony conviction for criminal impersonation to determine the procedural and substantive reasonableness of his sentence. He does so by stating the record lacks both proof of his intent in committing the crime as well as the circumstances underlying his guilty plea. However, it is clear he previously pled guilty to and was convicted of "Criminal Impersonation [to] Gain a Benefit," which, as counsel conceded at the sentencing hearing and now on appeal, involved his showing officers a false ID when they contacted him at his home. Under Colorado law, the statute under which he was convicted states, "[a] person commits criminal

impersonation if he *knowingly assumes a false or fictitious identity* or capacity, and in such identity or capacity he ... [d]oes any other act *with intent to unlawfully gain a benefit for himself* or another or to injure or defraud another." Colo. Rev. Stat. § 18-5-113(1)(e) (emphasis added).  Thus, it is evident he pled guilty to the statutory charge of *knowingly* assuming a false or fictitious identity with the *intent* to unlawfully gain a benefit.  Under these circumstances, we need not make any determination of his intent in committing this offense, as Mr. Pinto-Padilla requests, and conclude the district court did not commit any error in considering his prior conviction in calculating his sentence.  We also will not consider his claim that the record contains no information on the circumstances of his guilty plea.[2]  For these reasons, we cannot say the district court committed plain error in considering Mr. Pinto-Padilla's conviction of criminal impersonation in calculating his sentence.  Moreover, the district court's

---

[2] When considering whether to apply a prior offense in calculating a sentence, courts generally employ a categorical approach, looking only to the fact of conviction and the statutory definition or elements of the prior offense when that statute is unambiguous.  *See United States v. Hernandez-Rodriguez*, 388 F.3d 779, 782-83 (10th Cir. 2004) (relying on *Taylor v. United States*, 495 U.S. 575, 602 (1990)).  This approach avoids re-litigating prior convictions and includes instances, like here, where a defendant pleads guilty to the prior offense at issue.  *See generally Shepard v. United States*, 544 U.S. 13, 18, 26 (2005).  Even when the statute is ambiguous or generic, the court is limited to only additionally considering "the terms of the charging document, the terms of a plea agreement or transcript of the colloquy between [the] judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.*  Without any specific reference to the record, Mr. Pinto-Padilla's cursory assertion regarding the circumstances of his guilty plea is insufficient to warrant our consideration.

-12-

additional characterization of that offense as interfering with law enforcement does not change our conclusion. It is clear it used that characterization to note the seriousness of his prior crime after defense counsel tried to diminish it in comparison to the use of fake identification to cash a check or defraud someone out of money.

As to the other procedural reasonableness considerations, Mr. Pinto-Padilla did not raise any specific argument before the district court based on the § 3553(a) factors. In turn, the district court explicitly stated it considered the § 3553(a) factors and more than adequately explained its reasons for imposing the chosen sentence by articulating the entirety of Mr. Pinto-Padilla's criminal history on which it relied in calculating his sentence. While brief, it befitted the circumstances and argument presented. For these reasons, we cannot discern any form of procedural error or that Mr. Pinto-Padilla's sentence was otherwise improperly calculated. Thus, we conclude Mr. Pinto-Padilla's sentence is within the correctly-calculated Guidelines range, to which we may apply a presumption of reasonableness.

Mr. Pinto-Padilla must rebut this presumption by demonstrating his sentence is substantively unreasonable in light of the sentencing factors in § 3553(a). However, Mr. Pinto-Padilla has not demonstrated his criminal history

has been over-represented for the purpose of rebutting this presumption. As previously noted, he pled guilty to and was convicted of felony criminal impersonation to gain a benefit, which is clearly relevant in assessing his criminal history, as are his other offenses, including his conviction for felony menacing, which included assault with a weapon – very serious conduct constituting a crime of violence under § 2L1.2(b)(1)(A)(ii) – to which Mr. Pinto-Padilla did not object in calculating his criminal history category. In addition, the instant offense of re-entry of an ex-felon into this country is considered a very serious offense for which Congress has imposed a statutory maximum sentence of ten years, or twenty years if one of the prior felonies involves an aggravated felony. *See* 8 U.S.C. § 1326(b)(2). We further note, as did the district court, that Mr. Pinto-Padilla illegally re-entered this country on two previous occasions, implicating a need to provide adequate deterrence. Under these circumstances, we cannot say Mr. Pinto-Padilla has sufficiently rebutted the presumption his sentence is substantively reasonable or that the district court otherwise abused its discretion in imposing a sentence of fifty-seven months imprisonment, which is at the bottom of the applicable Guidelines range.

III.  Conclusion

For these reasons, we **AFFIRM** Mr. Pinto-Padilla's sentence.

**Entered by the Court:**


**WADE BRORBY**
United States Circuit Judge