**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 12-2118 |
| | (D.Ct. No. 2:12-CR-00276-JAP-2) |
| JULIAN GUILLERMO NAVARRO-MORALES, | (D. N.M.) |
| Defendant-Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Julian Guillermo Navarro-Morales pled guilty to one count of

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

unlawful re-entry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b) and conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846. The district court sentenced Mr. Navarro-Morales to forty-one months imprisonment–at the low end of the advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of forty-one to fifty-one months imprisonment. Although Mr. Navarro-Morales appeals his conviction and sentence, his attorney has filed an *Anders* brief and request for permission to withdraw as counsel, which we construe as a motion to withdraw.[1] *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On February 9, 2012, a two-count information issued charging Mr. Navarro-Morales with unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326(a) and (b) and conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846.[2] On February 9, 2012, Mr. Navarro-Morales pled guilty without the benefit of a plea agreement to both counts. In pleading guilty, the record reflects Mr. Navarro-Morales waived his

---

[1] While no separate motion was filed, in the *Anders* brief, Mr. Navarro-Morales's counsel "moves to withdraw as counsel ... pursuant to the procedure set forth in *Anders v. California* ...."

[2] Mr. Navarro-Morales waived prosecution by indictment.

right to go to trial, participated in a Rule 11 colloquy, and was advised of his constitutional rights, which he stated he understood. He also acknowledged he understood the nature of the offense charged, the maximum possible penalties for the offense charged, and the consequences of his entering a guilty plea. He further provided affirmation as to the factual predicate supporting his plea and answered questions on the voluntariness of his plea and his physical and mental condition. Based on his answers to the questions posed, the United States Magistrate, as well as the district court judge, found his plea was knowingly, voluntarily, and intelligently made and accepted his guilty plea.

After Mr. Navarro-Morales pled guilty, the probation officer prepared a presentence report which included facts surrounding Mr. Navarro-Morales's possession of marijuana and illegal reentry into the country and calculated his sentence under the applicable 2011 Guidelines. The probation officer determined the base offense level for his illegal reentry offense was 8, under U.S.S.G. § 2L1.2(a), and added a sixteen-level adjustment, under U.S.S.G. § 2L1.2(b)(1)(A)(vii), because Mr. Navarro-Morales had been deported subsequent to having been convicted of a felony alien smuggling offense involving conspiracy to transport and harbor illegal aliens, resulting in an adjusted offense level of 24. He also calculated the base offense level for Mr. Navarro-Morales's illegal possession offense at 14, under U.S.S.G.

§ 2D1.1(c)(11), given the offense involved 39.99 kilograms of marijuana. The combined adjusted offense level for both offenses, together with a three-level reduction for his acceptance of responsibility, resulted in a total offense level of 21.

In calculating Mr. Navarro-Morales's criminal history, the probation officer considered only his prior conviction for conspiracy to transport and harbor illegal aliens, which resulted in two criminal history points and a criminal history category of II. A total offense level of 21, together with a criminal history category of II, resulted in a Guidelines range of forty-one to fifty-one months imprisonment.

Prior to and at sentencing, Mr. Navarro-Morales made no objection to the presentence report, including the factual statements and calculation of his sentence contained therein, and neither he nor his counsel requested a downward variance under 18 U.S.C. § 3553(a) but, instead, requested a sentence at the low end of Guidelines range at forty-one months imprisonment. After accepting the factual statements and sentencing calculations contained in the presentence report, as agreed to by Mr. Navarro-Morales, the district court proposed a sentence of forty-one months, stating it had reviewed the presentence report and considered the Guidelines and 18 U.S.C. § 3553(a) sentencing factors. After giving the

parties an opportunity to object to such a sentence and receiving none, the district court ordered Mr. Navarro-Morales serve a forty-one-month sentence.

After Mr. Navarro-Morales filed a timely *pro se* notice of appeal, his appointed counsel, who also represented him before the trial court, filed an *Anders* appeal brief explaining she could find nothing in the record, including any legal or meritorious issue to support his appeal. *See Anders*, 386 U.S. at 744. In support, counsel suggests Mr. Navarro-Morales knowingly, voluntarily, and intelligently entered a plea of guilty to the charge in the indictment and received a sentence at the low end of the advisory Guidelines range, which "was not imposed as a result of an incorrect application of the advisory [Guidelines] or the sentencing factors set forth in 18 U.S.C. § 3553(a)," thereby implicating the validity of his conviction and the reasonableness of his sentence.

Pursuant to *Anders,* this court gave Mr. Navarro-Morales an opportunity to respond to his counsel's *Anders* brief. *See id.* Mr. Navarro-Morales filed a response, stating he "would like to question the calculation of my offense level" and that his total offense level of 21, resulting in the Guidelines range of forty-one to fifty-one months, included "a point, or points, added related to a discrepancy in my name which led to the probation officer enhancing my points for the use of two different names." He further states, "I believe this is untrue

and that the various court documents show that I merely abbreviated my name on one occasion. I therefore believe that any sentencing range should not include this added point, or points." The government filed a notice of its intention not to file an answer brief in this appeal.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See* 386 U.S. at 744. The record provided on appeal demonstrates Mr. Navarro-Morales's guilty plea was voluntarily, knowingly, and intelligently entered and, further, that sufficient evidence supported both his plea and conviction, as provided by the facts presented in the uncontested presentence report. Nothing presented on appeal indicates otherwise.

As to his sentence, our appellate review for reasonableness includes both a procedural component as well as a substantive component, which we review for an abuse of discretion. *See United States v. Ruby*, ___ F.3d ___, 2013 WL 323216, at *2 (10th Cir. Jan. 29, 2013) (slip op.). We review the district court's factual findings for clear error and its legal conclusions *de novo*. *Id.* However, in instances, as here, where objections to procedural reasonableness are not contemporaneously raised, we review them for plain error. *Id.* at *3.

Having made such a review, we find no non-frivolous basis for challenging the sentence imposed. The district court considered the sentencing factors in § 3553(a) and the advisory Guidelines, as well as the findings of fact and sentencing calculations in the presentence report, to which Mr. Navarro-Morales did not object. Our review of those sentencing calculations reveals no error, plain or otherwise, which would make his sentence procedurally unreasonable. His cursory argument, questioning the calculation of his sentence and criminal history points assigned based on an alleged discrepancy in his name, is insufficient to establish any error or inaccuracy in the assignment of two criminal history points and the resulting criminal history category of II for his prior conviction for conspiracy to transport and harbor illegal aliens. Moreover, nothing in the record before us suggests Mr. Navarro-Morales is not the person convicted of this prior offense, and we will not consider the underlying facts of his prior criminal conviction in this appeal.[3]

---

[3] When considering whether to apply a prior offense in calculating a sentence, we generally employ a categorical approach, looking only to the fact of conviction and the statutory definition or elements of the prior offense when that statute is unambiguous. *See United States v. Hernandez-Rodriguez*, 388 F.3d 779, 782-83 (10th Cir. 2004) (relying on *Taylor v. United States*, 495 U.S. 575, 602 (1990)). This approach avoids re-litigating prior convictions and includes instances, like here, where a defendant pleads guilty to the prior offense at issue. *See generally Shepard v. United States*, 544 U.S. 13, 18, 26 (2005). Even when the statute is ambiguous or generic, the court is limited to only additionally considering "the terms of the charging document, the terms of a plea agreement or transcript of [the] colloquy between [the] judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable

(continued...)

Finally, Mr. Navarro-Morales's forty-one-month sentence is within the Guidelines range and therefore presumptively reasonable for the purpose of our abuse of discretion review as to its substantive reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1053-55 (10th Cir. 2006). Mr. Navarro-Morales has the burden of overcoming this presumption, which he has failed to do. *See id.* at 1054. As a result, we have no reason to conclude his sentence is either procedurally or substantively unreasonable.

### III. Conclusion

For these reasons, no meritorious appellate issue exists. Accordingly, we grant counsel's motion to withdraw and **DISMISS** Mr. Navarro-Morales's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[3](...continued)
judicial record of this information." *Id.* However, Mr. Navarro-Morales fails to present any argument or citation to the record for the purpose of our employing such analysis of his prior conviction.