**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3336
_____

PHILLIP BRADLEY POLK,
                                    Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:19-cv-000591)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 8, 2023

Before: SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: December 15, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Phillip Bradley Polk, who is proceeding pro se, appeals the District Court's order dismissing for lack of jurisdiction his petition filed pursuant to 28 U.S.C. § 2241.  For the reasons detailed below, we will affirm the District Court's judgment.

In 2006, Polk pleaded guilty in the United States District Court for the Northern District of Oklahoma to being a felon in possession of a firearm and ammunition.  See 18 U.S.C. §§ 922(g)(1) and 924(a).  The District Court classified Polk as a career offender under the Armed Career Criminal Act (ACCA) because he had been convicted of at least three prior violent felonies, including four second-degree burglary convictions under 21 Okla. Stat. § 1435.  See 18 U.S.C. § 924(e)(1) (providing that a defendant is subject to ACCA's enhanced punishment if he has three or more previous convictions for a "serious drug offense" or a "violent felony"); U.S.S.G. § 4B1.4.  He was sentenced to 210 months of incarceration, to be followed by five years of supervised release.  The Tenth Circuit affirmed on direct appeal.  See United States v. Polk, 229 F. App'x 776, 781 (10th Cir. Apr. 30, 2007) (not precedential).  In April 2008, Polk filed a motion pursuant to 28 U.S.C. § 2255.  The District Court denied relief on the merits.  United States v. Polk, No. 4:05-cr-00039, 2011 WL 3348022, at *3 (N.D. Okla. Aug. 3, 2011).

While incarcerated at FCI Allenwood, Polk filed a petition under 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania.  Relying on Mathis v. United States, 579 U.S. 500, 513-14 (2016) (providing guidance as to when the modified categorical approach should be employed to determine whether a prior conviction qualifies as a predicate offense under the ACCA), and United States v. Hamilton, 889 F.3d 688, 699 (10th Cir. 2018) (applying Mathis and concluding that the

2

Oklahoma second-degree burglary statute is indivisible and that a conviction under that statute does not fit the ACCA's enumerated offenses clause because it 'could have been based on conduct falling outside the generic definition of burglary"), Polk argued that his § 1435 convictions no longer qualified as a career-offender predicates. In response, the Government argued that a § 2255 motion, not a § 2241 petition, is the proper vehicle to test the legality of Polk's detention. The District Court agreed and dismissed the petition for lack of jurisdiction, noting that "Polk makes no claim that he is actually innocent of his crime of conviction" and that his "§ 2241 petition does not rely on any intervening court decisions that would cast doubt upon his factual—or even legal—guilt for his crime or predicate offenses." Polk timely appealed.[1]

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the District Court's dismissal of Polk's § 2241 petition, we exercise plenary review over its legal conclusions and review any factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

We need not reach the merits of Polk's underlying claim, which seeks to set aside his conviction, because we agree with the District Court that his claim must be brought in a motion pursuant to 28 U.S.C. § 2255. Attacks on the validity of a federal conviction or sentence generally must be asserted under § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). But because Polk's initial § 2255 motion was denied on

---

[1] The stay of this appeal – entered on July 26, 2023, pending a determination in Wilson v. Warden Canaan USP, C.A. No. 18-2154 – is hereby lifted. See Wilson v. Warden Canaan USP, -- F.4th --, 2023 WL 7642830 (3d Cir. Nov. 15, 2023).

3

the merits, he cannot file a second or successive § 2255 motion unless he relies on either "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2). His claim, which was based on a more favorable interpretation of statutory law adopted after his conviction became final, did not satisfy either of those requirements.

Polk thus sought to proceed under the "saving clause" contained in § 2255(e), which permits a federal prisoner to seek relief under § 2241 when a § 2255 motion would be "inadequate or ineffective to test the legality of [the petitioner's] detention." 28 U.S.C. § 2255(e). The Supreme Court recently held the saving clause "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." Jones v. Hendrix, 599 U.S. 465, 478 (2023). But the saving clause "does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id. at 471. Indeed, the "inability of a prisoner with a statutory claim to satisfy" the requirements for filing a second or successive § 2255 motion "does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Id. at 480.

For the foregoing reasons, we will affirm the District Court's dismissal of Polk's § 2241 petition.

4