FILED
United States Court of Appeals
Tenth Circuit

May 29, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 11-1195 |
| | (D.Ct. No. 1:10-CR-00410-CMA-1) |
| JORGE PORRAS-RUBI, | (D. Colo.) |
| Defendant-Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Jorge Porras-Rubi pled guilty to one count of illegal reentry of a removed alien subsequent to a conviction for an aggravated felony in violation of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

8 U.S.C. § 1326(a) and (b)(2). He now appeals his sentence on grounds the district court failed to conduct a hearing to address his allegation of a complete breakdown in communications with his counsel prior to sentencing. He also argues the district court erred in applying a sixteen-level enhancement for commission of a crime of violence based on his prior Texas burglary convictions. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Porras-Rubi's sentence.

## I. Factual and Procedural Background

Mr. Porras-Rubi, a Mexican citizen, pled guilty in 1988 in the State of Texas to a state felony offense of "first degree burglary of habitation" in violation of Texas Penal Code § 30.02. His nine-year sentence was suspended and he received nine years probation. In 1990, while on probation, Mr. Porras-Rubi pled guilty in Texas to another state felony offense of "first degree burglary of habitation" in violation of Texas Penal Code § 30.02. The district court revoked his 1988 burglary conviction and sentenced him to eight years incarceration on both convictions, to run concurrently. In 1997, the government deported Mr. Porras-Rubi, who thereafter unlawfully reentered this country on at least three more occasions.

In 2010, United States Immigration and Customs Enforcement officials discovered Mr. Porras-Rubi in Denver, Colorado. Following appointment of counsel, Mr. Porras-Rubi pled guilty to a grand jury indictment for illegal reentry of a removed alien subsequent to a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). In a written plea agreement, the parties recognized disagreement might arise over the advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") calculations, including application of a sixteen-level increase under § 2L1.2(b)(1)(A)(ii) for a crime of violence based on Mr. Porras-Rubi's prior felony convictions for burglary of a habitation. Mr. Porras-Rubi reserved his right to challenge any such increase at sentencing.

In December 2010, following the district court's acceptance of Mr. Porras-Rubi's plea agreement, a probation officer prepared a presentence report, calculating his sentence under the applicable 2010 Guidelines. The probation officer set Mr. Porras-Rubi's base offense level at 8 pursuant to U.S.S.G. § 2L1.2 and increased it sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his prior crimes of violence. In applying the enhancement, the probation officer noted Mr. Porras-Rubi pled guilty in both 1988 and 1990 to two separate offenses of first degree burglary of a habitation, and the court and other records indicated he burglarized individuals' homes in both instances, including the 1990

-3-

conviction charging document which indicated Mr. Porras-Rubi committed a home burglary. The probation officer then provided a three-level reduction for Mr. Porras-Rubi's acceptance of responsibility, for a total offense level of 21. An offense level of 21, together with a criminal history category of IV, resulted in an advisory Guidelines range of fifty-seven to seventy-one months imprisonment. Neither party filed objections to the presentence report.

On April 21, 2011, Mr. Porras-Rubi filed a *pro se* pleading with the district court entitled "Petition Seeking the Court to Give the Court Notice of Counsel Misconduct Scheduled Sentencing Hearing." In his *pro se* motion, Mr. Porras-Rubi asserted "his court appointed attorney ... refused to adequately communicate with her client" and "there is a highly likely chance that a mistake was made in determining his sentencing calculation." He also stated that "when he attempts to communicate this unto his attorney, she is rude, and will just end the conversation by hanging up." Mr. Porras-Rubi also cursorily stated he was giving notice of "[c]ounsel misconduct to disclose its evidence how they have determined, that a sixteen level increase is justified. In the State of Texas conviction for Burglary of a Habitation, is not considered a crime of violence." More specifically, he stated "[a]t issue here at this sentencing hearing, will present a need[] to challenge the Texas conviction, when the defendant plead guilty, upon a plea agreement, at no time, was he ever informed that this would be considered a

crime of violence, as is [sic] will be alleged at the sentencing hearing." Finally, he asserted he "felt complied [sic] to communicate this unto this court, so that the court could immediately issue an order instructing his court appoint[ed] attorney to communicate with her client." In his motion, Mr. Porras-Rubi did not request a hearing on the matter.

Thereafter, the district court issued an order striking the *pro se* motion, stating it was an "inappropriate *pro se* filing by a party who is currently represented by counsel." Six days later, at the sentencing hearing, the district court verified with Mr. Porras-Rubi's counsel that she had reviewed the presentence report with her client and explained it to him. It then received confirmation directly from Mr. Porras-Rubi that he had read the presentence report and his counsel had explained its contents to him. However, Mr. Porras-Rubi also told the district court he wanted to talk to his attorney about a few more things for a couple of minutes. At that time, the district court recessed the hearing, and when it reconvened Mr. Porras-Rubi verified he received answers from his counsel on all his questions and he now fully understood the contents of the presentence report. After the district court confirmed with Mr. Porras-Rubi's counsel that no objections existed with regard to the presentence report, it also expressly asked Mr. Porras-Rubi if he wished to make any objections to its contents or Guidelines calculations to which he replied he had no objections.

At no time during his allocution or the rest of the hearing, when he addressed the court, did Mr. Porras-Rubi make reference to any difficulties in communicating with his counsel, nor did he or his counsel object to the district court treating either of his prior two burglary convictions as "crimes of violence." After considering the presentence report and the sentencing factors under 18 U.S.C. § 3553(a), the district court applied a sixteen-level enhancement in calculating Mr. Porras-Rubi's advisory Guidelines range at fifty-seven to seventy-one months imprisonment and sentenced him to sixty-four months imprisonment and three years supervised release.

## II.  Discussion

### A.  Hearing on Counsel Communications Issue

In his appeal, Mr. Porras-Rubi first claims the district court erred when it denied his *pro se* motion without ordering a hearing on, or conducting a further inquiry into, his claim of a complete breakdown in communication with his counsel.  In support, Mr. Porras-Rubi argues he made sufficient allegations in his motion to warrant such a hearing, and the district court's failure to conduct a hearing or inquire into the matter left it with "no way for it to gauge the seriousness of the problem."

By alleging a complete failure of communication with his counsel we

assume, as do counsel on appeal, that Mr. Porras-Rubi's *pro se* motion implicated a desire to substitute counsel. We review the district court's denial of a motion to substitute counsel for an abuse of discretion. *See United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005). In order to prevail on a motion for substitution of counsel, "the defendant must show good cause, such as a conflict of interest, *a complete breakdown of communication* or an irreconcilable conflict which leads to an apparently unjust verdict." *Id.* (emphasis added). "To prove a total breakdown in communication, a defendant must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible." *Id.* In making this assessment, we:

> look at whether (1) the defendant's request was timely; (2) the trial court adequately inquired into [the] defendant's reasons for making the request; (3) the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and (4) the defendant substantially and unreasonably contributed to the communication breakdown.

*Id.* If a defendant makes sufficiently specific, factually-based allegations in support of his request for new counsel, the district court must conduct a hearing into his complaint. *See United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002).

In this case, even assuming Mr. Porras-Rubi's *pro se* motion contained

sufficiently specific, factually-based allegations for substitution of counsel, our review of the record establishes the district court did not abuse its discretion in failing to conduct a separate hearing on the matter. This is because, after it issued an order striking the *pro se* motion on other grounds, the district court made sufficient inquiries into the communication issue at Mr. Porras-Rubi's sentencing hearing held only six days later. At that time, Mr. Porras-Rubi verified he read the presentence report, his counsel answered all of his questions, and he understood its contents. He and his counsel then both stated they had no objections to the presentence report, including the facts contained therein and the Guidelines calculations. Although Mr. Porras-Rubi was given opportunities to address the court, he did not suggest any communication problems still existed between him and his counsel.

These circumstances do not evidence the requisite lack of meaningful communication between Mr. Porras-Rubi and his counsel warranting either a separate hearing or substitution of counsel. Instead, a careful reading of the sentencing hearing transcript reveals the district court made the necessary inquiries into communications between Mr. Porras-Rubi and his counsel and that no conflict existed between them which would lead to either the requisite "total lack of communications precluding an adequate defense" or "complete breakdown" in client-attorney communications. *See Porter*, 405 F.3d at 1140.

Indeed, contrary to Mr. Porras-Rubi's contentions, the district court's inquiries at the sentencing hearing were more than sufficient for the purpose of gauging the seriousness of any alleged communication problem, and it clearly found none. Nor does Mr. Porras-Rubi adequately explain on appeal how the district court's failure to conduct an additional hearing, beyond the inquiries it made at the sentencing hearing, affected the calculation of his sentence. For these reasons, we conclude the district court did not abuse its discretion in failing to conduct a separate hearing or make further inquiries into Mr. Porras-Rubi's and his counsel's client-attorney communications.

## B. Crime of Violence Enhancement

In his appeal, Mr. Porras-Rubi also claims the district court erred in applying a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his commission of a crime of violence based on his Texas burglary convictions. He argues Texas Penal Code § 30.02, under which he was convicted, provides a broad, generic definition of "burglary of a dwelling," including structures with no physical connection to a dwelling, so his convictions cannot constitute "crimes of violence." In support of his argument, Mr. Porras-Rubi relies on a host of cases from various federal circuit courts, as well as other states' burglary statutes. He also asserts our standard of review is for "harmless error," claiming he raised the issue of the sixteen-level enhancement in his *pro se* motion. The government

contends the standard of review is plain error, given Mr. Porras-Rubi only cursorily raised the issue in his *pro se* motion for substitution of counsel, which the district court struck, and he and his counsel failed thereafter to raise the issue at the sentencing hearing, even when given the opportunity.

Generally, in determining whether the district court properly calculated a defendant's sentence, we review its legal conclusions *de novo* and its factual findings for clear error. *See United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (*per curiam*). However, when a defendant fails to raise such an argument in the district court, we review for plain error. *See United States v. Ventura-Perez*, 666 F.3d 670, 674 (10th Cir. 2012). To establish plain error, the defendant has the burden of establishing: (1) an error occurred; (2) that was plain; and (3) which affected his substantial rights. *See id.* If these conditions are met, he must show the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.* As discussed hereafter, the disposition of Mr. Porras-Rubi's appeal is the same, regardless of which standard of review we apply.

Turning to the applicable legal principles, the Guidelines define a "crime of violence" to include, in part, "burglary of a dwelling" or "any other offense under federal, state, or local law that has as an element the use, attempted use, or

-10-

threatened use of physical force against the person of another." *Id.* at 673;

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Whether a prior conviction encompasses a

crime of violence has significance. If a defendant is deported after a prior

conviction for a felony "crime of violence" and thereafter unlawfully enters the

United States, the Guidelines recommend a sixteen-level enhancement under

U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See also* cmt. n.1(A)(i)-(iii).

In considering whether an offense constitutes "burglary of a dwelling"

under § 2L1.2, we have defined "dwelling" as including "any enclosed space that

is used or intended for use as a human habitation." *United States v. Rivera-Oros*,

590 F.3d 1123, 1132 (10th Cir. 2009) (internal quotation marks omitted). We

have also acknowledged the Guidelines and other sources of common law

generally recognize burglaries of a home or residence as "crimes of violence" due

to the increased possibility of the burglar confronting the resident and resulting in

substantial risk of force being used and an increased risk of physical and

psychological injury. *See id.* at 1130-31.

Generally, when a defendant contests whether his prior conviction is a

"crime of violence," courts take a categorical approach by looking only to the fact

of the conviction and the statutory definition of that prior offense. *See United*

*States v. Hernandez-Rodriguez*, 388 F.3d 779, 782 (10th Cir. 2004) (relying on

*Taylor v. United States,* 495 U.S. 575, 602 (1990)). However, where the statute involves conduct which may or may not encompass conduct constituting a crime of violence, "an exception exists allowing the district court to 'look to the charging paper and judgment of conviction in order to determine if the actual offense the defendant was convicted of qualifies as a crime of violence.'" *United States v. Austin*, 426 F.3d 1266, 1270 (10th Cir. 2005) (quoting *Hernandez-Rodriguez*, 388 F.3d at 782-83). This exception is considered a modified categorical approach. *Ventura-Perez*, 666 F.3d at 673. In applying this modified categorical approach to determine if the prior offense warrants an enhancement, "a court is 'generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Austin*, 426 F.3d at 1270-71 (quoting *United States v. Shepard*, 544 U.S. 13, 16 (2005)).

In this case, Texas Penal Code § 30.02, to which Mr. Porras-Rubi pled guilty, states a person commits the offense of burglary if, without the effective consent of the owner, he or she "enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault ...." Texas Penal Code Ann. § 30.02(a)(1). "Habitation" is defined under another related Texas statute as a "structure or vehicle that is adapted for the overnight accommodation of persons," which includes, in part, "each structure

-12-

appurtenant to or connected with the structure or vehicle." Texas Penal Code Ann. § 30.01(1) & (1)(B).

In a previous case involving the same issue, we assumed–without deciding–that Texas Penal Code § 30.02 covers both burglaries of dwellings, which are violent crimes under § 2L1.2, as well as burglaries of "appurtenances," which we determined are not crimes of violence. *See Ventura-Perez*, 666 F.3d at 673-74. In making this assumption, we applied a modified categorical approach to determine which type of burglary the defendant committed for the purpose of determining whether a sixteen-level enhancement applied. *Id.* As previously stated, such a modified approach permits examination of the record of the prior conviction, including charging documents. *See id.*

In this case, we similarly assume, without deciding, that Texas Penal Code § 30.02 includes both burglaries of dwellings and appurtenances, and therefore, we also apply the modified categorical approach. In so doing, it is clear the charging document for at least one of Mr. Porras-Rubi's burglaries established he burglarized a home, which is clearly a "dwelling" under U.S.S.G. § 2L1.2. *See Rivera-Oros*, 590 F.3d at 1130-31. As we concluded in *Ventura-Perez*, burglary of such a "dwelling" is a "crime of violence" for the purpose of enhancing a sentence sixteen levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See* 666 F.3d at 673-

74.

Mr. Porras-Rubi's reliance on other circuit court decisions examining state burglary statutes other than the Texas statutes at issue is unpersuasive, and we need not consider those cases, given this circuit's precedent on the same issue involving Texas law. *See Ventura-Perez*, 666 F.3d at 673. Moreover, even if we considered other circuit court decisions which focus exclusively on the Texas statutes at issue, our conclusion would not change. This is because the Fifth Circuit, which has jurisdiction over federal crimes committed in Texas, has determined, using the more narrow categorical approach of viewing only the fact of the conviction and the statutory definition, that convictions, like Mr. Porras-Rubi's, for "burglary of a habitation" under Texas Penal Code § 30.02 are the same as "burglary of a dwelling" for the purpose of applying U.S.S.G. § 2L1.2 for a "crime of violence." *See United States v. Garcia-Mendez*, 420 F.3d 454, 456-57 (5th Cir. 2005). While this case does not have precedential value in our circuit, it is persuasive and supports our conclusions in *Ventura-Perez* and here.

In applying these legal principles, we hold the district court reasonably concluded at least one of Mr. Porras-Rubi's prior Texas burglary convictions constituted a "crime of violence." Therefore, regardless of which standard of review we apply, the district court did not commit any error in making such a

finding and applying the sixteen-level enhancement. Because the district court properly calculated Mr. Porras-Rubi's sentence and sentenced him within the applicable Guidelines range, his sentence is presumptively reasonable and he has not otherwise rebutted this presumption by demonstrating his sentence is unreasonable in light of the sentencing factors in § 3553(a). *See Kristl*, 437 F.3d at 1053-54.

### III. Conclusion

For these reasons, we **AFFIRM** Mr. Porras-Rubi's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge