**Theodore JONES, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–84–00518–CR.**

Court of Appeals of Texas,
Dallas.

March 20, 1985.

Curtis Glover, Dallas, for appellant.

John H. Hagler, Dallas, for appellee.

Before CARVER, SPARLING, and ALLEN, JJ.

CARVER, Justice.

Theodore Jones, Jr., appeals his conviction for the offense of burglary of a habitation. The jury found Jones guilty, and the court sentenced him to 20 years imprisonment. Jones brings three grounds of error, urging that: (1) the evidence is insuf-

ficient to support a conviction for the offense of burglary of a habitation; (2) oral statements made by Jones while he was in custody were improperly admitted over objection; and (3) the police lacked probable cause to arrest Jones and to seize the property. We disagree with Jones' contentions, and overrule each ground of error. We will discuss the relevant facts of the case in our consideration of the grounds of error.

### Sufficiency of the Evidence

Jones first complains that the evidence was insufficient to support a conviction for burglary of a "habitation," since the structure burglarized was an unheated garage that was unconnected to the house. For purposes of the offense of burglary, the Texas Penal Code provides:

> (1) "Habitation" means a structure or vehicle that is adapted for the overnight accommodation of persons, *and includes:*
>
> (A) each separately secured or occupied portion of the structure or vehicle; and
>
> (B) *each structure appurtenant to or connected with* the structure or vehicle.

TEX.PENAL CODE ANN. § 30.01(1)(A) and (B) (Vernon 1974) (emphasis added).

Under the statutory language, then, we must decide whether an unattached garage is a "structure appurtenant to" a residence. There are no Texas cases that address the issue of whether an unattached garage is within the statutory definition, but there is authority that an attached garage is within the definition. In *White v. State*, 630 S.W.2d 340 (Tex.App.—Houston [1st Dist.] 1982, no pet.), the court held that a garage attached to the home and under the same roof was a "habitation" under subsection 30.01(1)(B). The court stated, "[t]here can be little argument that the garage in question is a structure appurtenant to and connected to the house of complainant." *Id.* at 342.

■ Under the language of subsection 30.01(1)(B), a structure may be *either* "connected with" the residence, as in *White*, or "appurtenant to" it. Because the statutory language is disjunctive, attachment to or connection with the residence is not essential. As long as the garage is "appurtenant to" the residence, the statutory definition is satisfied.

■ Because the term "appurtenant" is not defined in the statute, we must construe it according to its generally accepted usage. TEX.PENAL CODE ANN. § 1.05(b) (Vernon 1974); TEX.REV.CIV. STAT.ANN. art. 5429b-2, § 2.01 (Vernon Supp.1985). "Appurtenant" is defined in *Black's Law Dictionary* 94 (rev. 5th ed. 1979) as "belonging to; accessory or incident to; adjunct, appended or annexed to.... A thing is 'appurtenant' to something else when it stands in relation of an incident to a principal and is necessarily connected with the use and enjoyment of the latter." Under this definition, the garage can be said to be "appurtenant to" the residence here. It is "necessarily connected with the use and enjoyment" of the house, and it is secondary or "incident to" the principal building, the house. *See generally* Annot., 43 A.L.R.2d 831 (1955) (discussion of outbuildings as part of the "dwelling" for purposes of burglary statutes). We hold that the unattached garage here is a "structure appurtenant to" the residence and thus is within the statutory definition of "habitation".

In further support of our holding, we note that several commentators have stated that under subsection 30.01(1)(B), the term "habitation" includes "garages and other outbuildings." 2 *Texas Annotated Penal Statutes* § 30.01 (Branch's 3d ed. 1974); Searcy and Patterson, *Practice Commentary on Burglary*, 3 TEX.PENAL CODE ANN. 142 (Vernon 1974); Comment, *Cabins, Corncribs, and Fruit Stands—What Structures Can Be Burglarized Under the New Penal Code*, 26 Baylor L.Rev. 589, 599-600 (1974). These comments were most likely based upon the *State Bar Committee Comment to the Preliminary Final Draft of the Proposed Revisions of the Texas Penal Code* (September 1970), which provided:

"Habitation" is broader than "building" in that it includes vehicles that are "adapted for the overnight accommodation of persons," Section 30.01(1). *"Habitation" also includes garages and other outbuildings,* Section 30.01(1)(B), and "separately secured and occupied portions" of a habitation, to cover those who, while legally in an apartment building or hotel, for example, enter another's room, Section 30.01(1)(A).,

*quoted in Jones v. State,* 532 S.W.2d 596, 599 (Tex.Crim.App.1976) (emphasis added). For these reasons, we overrule Jones' first ground of error.

### Admissibility of Oral Statements

In his second ground of error, Jones complains of the admission into evidence of oral statements he made at the time of his arrest. A police officer was permitted to testify that Jones and Roberson, the second suspect, had told officers that "Sylvester," the third suspect who fled the scene, had taken the compressor several days earlier and had merely enlisted Jones and Roberson to help him carry it back to his apartment. Jones argues that the admission of these statements was error under the provisions of TEX.CODE CRIM.PROC. art. 38.22, § 3 (Vernon Supp.1985). Article 38.-22 forbids the admission of oral statements made as a result of a custodial interrogation. We disagree with this contention.

The State argues that the statements are admissible under TEX.CODE CRIM.PROC. art. 38.24 (Vernon 1979), which provides in part that when part of a conversation is given in evidence by one party, the whole of the conversation may be inquired into by the other. The State contends that article 38.24 applies because Roberson's counsel first elicited testimony regarding the statements in an effort to exonerate Roberson and to incriminate Sylvester, who was never arrested. Over the State's hearsay objection, testimony was permitted regarding the substance of the oral statements. The appellant did not object to his codefendant's strategy; rather he objected to testimony concerning the oral statements only

when the State questioned an arresting officer about the statements after they had been introduced by Roberson.

■ We agree with the State that once Roberson's counsel adduced testimony of the oral statements without objection from Jones, the State was then permitted to inquire on redirect examination into the same subject. The court in *Hunter v. State,* 468 S.W.2d 96, 100 (Tex.Crim.App.1971), reached a similar conclusion on comparable facts. In *Hunter,* the appellant contended that it was error to permit the State to cross-examine him regarding a conversation he had with police officers after he was under arrest. Prior to this cross-examination, however, appellant had called his nephew to the stand to testify as to the same conversation, and appellant had also testified about the conversation on direct examination. The court cited article 38.24 and held that "the appellant having offered evidence as to the conversation, the State was entitled to inquire on cross-examination about the same and go into the balance of the conversation." 468 S.W.2d at 100. Jones' second ground of error is overruled.

### Probable Cause

In his third ground of error, Jones complains that the police lacked probable cause to arrest him and to seize the property. The facts leading up to Jones' arrest were as follows: the Dallas Police received a telephone call from a Mrs. McCoy reporting that she had been awakened at approximately 4:00 or 4:30 a.m. by the sound of barking dogs. She looked out of the window and noticed two men standing on the street corner across from her house. A short time later, the dogs' barking became louder, and Mrs. McCoy again looked out of the window. She saw the two men, now with a third man, pulling an air compressor across a neighbor's yard.

The arresting officers heard a police radio dispatch of a theft in progress stating that three black males were pulling an air compressor down a certain street. The dispatch was based on the information given to the police by Mrs. McCoy. The officers

saw Jones and two other men pulling an air compressor across a lawn three blocks away from the scene of the offense. One of the men fled upon seeing the officers.

Jones argues that the arresting officers acted merely upon an "inarticulate hunch" that a theft or burglary had been committed. We disagree. The test for probable cause was set forth in *Jones v. State*, 565 S.W.2d 934, 936 (Tex.Crim.App. 1978), as follows:

[P]robable cause to arrest exists where the facts and circumstances within the knowledge of the arresting officer and of which he has reasonably trustworthy information would warrant a reasonable and prudent man in believing that a particular person has committed or is committing a crime.

Here, the information relayed by the dispatch; the discovery of three black males pulling an air compressor three blocks away from where the offense was first reported; and the flight of the third suspect provided sufficient probable cause for arrest. Jones' third point of error is overruled, and his conviction is affirmed.