**Dannie Lee DARBY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–95–01378–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 8, 1998.

Published in Part Pursuant
to Tex. R. App. P. 90.

Rehearing Overruled Feb. 12, 1998.

Kathleen Collins, Galveston, for Appellant.

Steve Greene, Anahuac, Eric Kugler, Houston, for Appellee.

Before SCHNEIDER, C.J., and ANDELL and TAFT, JJ.

**OPINION**

SCHNEIDER, Chief Justice.

The trial court found appellant, Dannie Lee Darby, guilty of burglary of a habitation, and after having found three allegations[1] of prior convictions to be true, the trial court assessed punishment at 35–years confinement. On appeal, appellant contends (1) the evidence was insufficient to support his conviction because the State did not prove appellant entered the habitation; (2) he was denied effective assistance of counsel at trial; and (3) the evidence was insufficient to support his conviction because the State did not prove that the garage was a habitation. We affirm.

**FACTS**

Lucille Laughlin, complainant, testified that she has known appellant for five years. Appellant performed various repair and maintenance jobs for Laughlin. On the morning of December 12, 1994, Laughlin left her home to run some errands. When she left, her home and garage were locked and secured. On the way home, Laughlin passed appellant in his truck. Laughlin noticed two people in the truck. Laughlin returned home at approximately noon. When she went to put her car back in the garage several hours later, she noticed that the back door of her garage was unlocked. She also noticed that a makeshift lock[2] on one of the

---

1. Two of the prior convictions occurred on the same day.

2. The makeshift lock consisted of two iron bars, which when placed in two holes, secured the garage door. Laughlin noticed that one bar was

front garage doors had been tampered with. Laughlin looked around the garage and saw that her toolbox was missing.

Laughlin reported the missing toolbox to the sheriff's department. Three days later, Detective Bradley Moon recovered the toolbox from a pawnshop and returned the toolbox, which had been emptied, to her. John Deaton, the manager of the pawnshop, testified that appellant pawned a toolbox on December 12, 1994. The pawn ticket was admitted into evidence.

When Laughlin talked to appellant about the toolbox, appellant told her his roommate and his roommate's girlfriend took the toolbox. They gained entry to the garage by shaking the garage door until it opened wide enough for the woman to crawl underneath the garage door. According to Laughlin, appellant was too large to be able to crawl in that space underneath the garage door. Appellant told Laughlin that he was at home asleep when the toolbox was stolen. However, appellant admitted he pawned the toolbox.

David Boern, whose office is near Laughlin's home, testified that at approximately 11:30 a.m. on December 12, 1994, he noticed an old, dark green Ford truck pull into Laughlin's driveway and stop in front of the garage. Appellant drove a dark green Ford truck. When Boern returned from lunch at 12:30 p.m., the truck was gone.

Tammy Wood, who lives down the street from Laughlin, testified that between 11:00 a.m. and noon that day she was in her yard when appellant's green truck drove past her. The truck was travelling in a direction that was away from Laughlin's house. When asked whether she saw who was driving the truck, Wood responded, "I think—Mr. Darby." Later, she testified there was no doubt in her mind that the person driving the truck was appellant. Another person was in the truck with appellant.

## SUFFICIENCY OF THE EVIDENCE

### Standard of Review

■ Evidence is sufficient when, viewed in the light most favorable to the verdict, a

partially out of the hole, and the other bar was

rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 317–318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); *Matamoros v. State*, 901 S.W.2d 470, 474 (Tex.Crim.App.1995); *Green v. State*, 891 S.W.2d 289, 297 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). If there is evidence that establishes guilt beyond a reasonable doubt, and if the trier of fact believes the evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988); *Reece v. State*, 878 S.W.2d 320, 325 (Tex.App.—Houston [1st Dist.] 1994, no pet.).

### Habitation

■ In point of error three, appellant contends the evidence was insufficient to show that Laughlin's unattached garage was a habitation. A "habitation" means a structure that is adapted for the overnight accomodation of people and includes "(A) each separately secured or occupied portion of the structure . . .; and (B) each structure appurtenant to or connected with the structure." *See* TEX. PENAL CODE ANN. § 30.01(1) (Vernon 1994).

Laughlin testified her unattached garage is approximately nine feet from her house and is fully enclosed. Laughlin stores all items which she cannot store in her house in her garage. She considers her garage to be part of her home. In the storage room in the back of the garage, there is a bed in which Laughlin's grandson slept for six months. Laughlin testified the garage was secured before she left to run errands on December 12, 1994.

It has been held that an unattached garage is a "structure appurtenant to" a residence and, therefore, is within the statutory definition of "habitation." *Jones v. State*, 690 S.W.2d 318, 319 (Tex.App.—Dallas 1985, pet. ref'd). In reaching this holding, the Dallas court said the unattached garage was "necessarily connected with the use and enjoyment of the house, and it [was] secondary or inci-

lying on the floor of the garage.

dent to the principal building, the house." *Id.* (citation omitted). In this case, Laughlin's unattached garage, which was used to store items she could not store in her house, was "appurtenant to" her house as the term is defined in *Jones.*

We overrule point of error three.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP. P. 47, and is thus ordered not published.

We affirm the trial court's judgment.