NUMBER 13-00-163-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI


 

 MARIO SANDOVAL, Appellant,

v.



 THE STATE OF TEXAS, Appellee.

 

On appeal from the Criminal District Court No. 2 of Dallas County, Texas.

 

MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Castillo


Opinion by Chief Justice Rogelio Valdez


Appellant, Mario Sandoval, brings this appeal, challenging his conviction for burglary of a habitation. After
reviewing the briefs of the parties and the appellate record, we conclude all dispositive issues are clearly settled
in law. Therefore, we issue this memorandum opinion pursuant to rule 47.1 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 47.1. The factual nature of this case, as well as its procedural history, are
known to the parties; therefore, we do not recount these matters in detail. For the reasons set forth below, we
affirm the judgment of the trial court.

In issue one, appellant complains that the evidence was legally insufficient to support his conviction because
there was no evidence that the structure at issue was a habitation.

When a court reviews the legal sufficiency of a verdict, it does so in the light most favorable to the verdict to
determine whether a rational finder of fact could have found all the elements of the crime beyond a reasonable
doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).

A "habitation" is defined as: "a structure or vehicle that is adapted for the overnight accommodation of persons,
and includes: (A) each separately secured or occupied portion of the structure or vehicle; and (B) each
structure appurtenant to or connected with the structure or vehicle." Tex. Pen. Code Ann. § 30.01(1)(Vernon
1994). An unattached garage is a "structure appurtenant to" a residence and, therefore, is within the statutory
definition of "habitation." Darby v. State, 960 S.W.2d 370, 371-72 (Tex. App.-Houston [1st Dist.] 1998, pet.
ref'd); Jones v. State, 690 S.W.2d 318, 319 (Tex. App.--Dallas 1985, pet. ref'd).

Numerous times at trial, Alfredo Veiza, the complaining witness, testified that his "house" was burglarized. 
After some clarification by the State's counsel, he acknowledged that the room broken into was a detached
garage next to his house. Applying the rulings of the Jones and Darby courts, we hold that there was sufficient
evidence for the jury to find that the burglarized garage was a habitation. Issue one is overruled.

In issue two, appellant complains that the evidence was factually insufficient to find the appellant guilty of
burglary of a habitation. Specifically, appellant complains that there was insufficient evidence to show that he
participated in the burglary.

The standard of review for a factual sufficiency claim, which is derived from Clewis v. State, 922 S.W.2d 126
(Tex. Crim. App. 1996), is set forth in Johnson v. State, 23 S.W.3d 1 (Tex. Crim. App. 2000). The reviewing
court "asks whether a neutral review of all the evidence, both for and against the finding, demonstrates that the
proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof." Id. at 11. The court does not view
the evidence through the prism of "in the light most favorable to the prosecution." Johnson, 23 S.W.3d at 7
(quoting Clewis, 922 S.W.2d at 129).

Under the law of parties, a person is criminally responsible for an offense committed by the conduct of another
if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or
attempts to aid the other person to commit the offense. Tex. Pen. Code Ann. §7.02(a)(2)(Vernon 1994).

In the present case, the record reveals that Raquel Escalante, a neighbor of Alfredo Veiza, saw an unfamilar
truck in her neighborhood. Ms. Escalante identified appellant as the driver of this truck. She further stated that
she saw appellant back the truck up into Mr. Veiza's driveway, and then saw appellant and three other men get
out of the truck in front of Mr. Veiza's residence. Richard Hernandez, another of Mr. Veiza's neighbors, stated
that he saw everyone get out of the truck, and that one of these subjects carried something out from Mr.
Vieza's house to the truck. When police officers arrived, appellant and the three other subjects fled the scene,
and were quickly apprehended by the officers. The officers found that a rear window to Mr. Veiza's residence
had been opened and items of property were stacked near the window. The officers investigated further and
discovered that the truck was stolen. They also recovered stereo equipment out of the truck and returned it to
Mr. Veiza's residence. Finally, appellant testified that while he was present at the scene of the burglary, he did
not participate in the offense, but rather it was simply a case of being in the "wrong place at the wrong time."

A rational jury could reasonably infer from these circumstances that appellant's actions showed that he
intended to assist, and did assist, the others in the commission of the burglary. The evidence, therefore, is
factually sufficient to support a finding that appellant is criminally responsible, under the law of parties, for the
burglary of Mr. Veiza's habitation. Accordingly, we hold that the verdict is not so against the great weight of the
evidence that it is clearly unjust. Issue two is overruled.

The trial court's judgment is affirmed.

ROGELIO VALDEZ

Chief Justice


Do not publish. Tex. R. App. P. 47.3(b).

Opinion delivered and filed

this 16th day of August, 2001.