**Opinion filed September 19, 2013**



In The

# Eleventh Court of Appeals

_____

No. 11-12-00161-CR

_____

## JASON ROBERT PARRICK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 14692**

### M E M O R A N D U M   O P I N I O N

The jury convicted Jason Robert Parrick of the second-degree felony offense of burglary of a habitation with intent to commit theft. The jury assessed punishment at confinement for five years, and the trial court sentenced Appellant accordingly. In one issue on appeal, Appellant asserts that there is insufficient evidence he burglarized a "habitation." We affirm.

## I. *The Offense*

Appellant was convicted of burglary of a habitation under Section 30.02 of the Texas Penal Code. TEX. PENAL CODE ANN. § 30.02 (West 2011). A person commits the offense of burglary if he enters a habitation or a building not then open to the public with intent to commit a felony, theft, or assault. *Id.* § 30.02(a)(1). The offense of burglary is a second-degree felony if the burglary is of a habitation and a state jail felony if it is of a building other than a habitation. *See id.* § 30.02(c).

## II. *Evidence at Trial*

Amanda Parker did not recognize the man who took a washer and dryer from a neighbor's house. Parker knew that her neighbors had moved out one to two weeks prior to the incident and had left some personal items, which they intended to retrieve. Parker testified that, as far as she knew, the house was "still liveable." Parker called the property manager, Denise Barker, who arrived at the residence while the man was still there. Barker went to the house, recognized and confronted Appellant, and called the police. Barker testified that David and Amy Bell had moved out of the house but could return and occupy the house because they had paid rent on a month-to-month basis through the time the burglary occurred. As a part of her duties as property manager, Barker had checked the condition of the house and the locks on the doors four or five times since the Bells moved.

Jeremy Hamscher, a detective with the Mineral Wells Police Department, responded to Barker's call, conducted a brief investigation, and arrested Appellant for burglary of a habitation. Detective Hamscher said that the inside of the house looked like someone was "in the process of moving out," and he identified the washer, dryer, and a speaker as items taken from the house.

Amy Bell testified that she, her husband, and their two children lived in the house until around two weeks prior to the burglary. Bell said that they left some personal property in the house—a desk, a washer and dryer, and other miscellaneous items—and that they intended to retrieve the personal property. Bell said that they also left a speaker, tools, and a dolly in a storage shed that was attached to the carport and connected to the house by a roof. As far as Bell knew, her family took all the clothes, food, cooking utensils, hygiene items, and bedding when they moved. Bell testified that, at the time of the burglary, she would not have slept in the residence "without an air mattress or something to lay on" but could have resided in the house if she wanted.

### III. *Standard of Review*

We review a sufficiency of the evidence issue under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). We review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's role as the sole judge of the witnesses' credibility and the weight their testimony is afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

IV. *Analysis*

Appellant concedes there is sufficient evidence to support a conviction for the lesser included offense of burglary of a building; therefore, the sole issue on appeal is whether there is sufficient evidence to support the jury's finding that the house Appellant burglarized was a "habitation" within the meaning of the statute.

A "habitation" means a structure that is adapted for the overnight accommodation of persons. PENAL § 30.01(1). In this context, "adapted" means suitable. *Blankenship v. State*, 780 S.W.2d 198, 209 (Tex. Crim. App. 1989) (op. on reh'g); *see Salazar v. State*, 284 S.W.3d 874, 878 (Tex. Crim App. 2009). Whether a structure is or is not suitable for overnight accommodation is a "complex, subjective factual question fit for a jury's determination." *Blankenship*, 780 S.W.2d at 209. Relevant factors for this inquiry, none of which are necessarily essential or dispositive, include whether someone was using the structure as a residence at the time of the burglary; whether the structure "contained bedding, furniture, utilities, or other belongings common to a residential structure"; and whether the structure was of such character that it was likely intended to accommodate persons overnight. *Id.* The jury's determination of whether a burglarized structure is a "habitation" will be overturned on appeal only if no reasonable trier of fact could have found the structure to have been adapted for the overnight accommodation of persons beyond a reasonable doubt. *Id.* at 209–10.

We have reviewed all the evidence under the foregoing standard, and we conclude that a reasonable trier of fact could have determined, beyond a reasonable doubt, that the house was adapted for the overnight accommodation of persons. At the time of the burglary, the house had been vacant for one to two weeks. Although the house contained scant furniture and no bedding, food, cooking utensils, or hygiene items, it was a completed house with a kitchen, living room, bathroom, and bedrooms. The house was wired for electricity and equipped for

4

utility service.  In addition, a property manager actively checked the condition of the house.  Finally, the Bells retained a possessory right to occupy the house and could have slept there overnight.  We conclude that the record contains sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that the house was a "habitation."

Appellant also contends that the storage shed connected to the house by the carport, which contained the speaker taken by Appellant, was "definitely a building and not a habitation" because "sheds are not generally used for overnight accommodation."   But Section 30.01 expressly includes "each structure appurtenant to or connected with the structure," and the jury was free to determine that the storage shed fit within the definition of a "habitation" under the statute. *See* PENAL § 30.01(1)(B); *see also Darby v. State*, 960 S.W.2d 370, 371–72 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (holding term "habitation," as used in burglary statute, covered unattached garage in which victim stored personal items). Moreover, Appellant was charged with and convicted of a single count of burglary, and the parties do not dispute that Appellant removed a washer and dryer from the house itself.  Because a rational trier of fact could have found beyond a reasonable doubt that the house was a "habitation" under the statute, we hold that the evidence is sufficient to support the conviction.  Appellant's sole issue is overruled.

V. <em>This Court's Ruling</em>

We affirm the judgment of the trial court.


MIKE WILLSON

September 19, 2013                                           JUSTICE

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.