FILED
United States Court of Appeals
Tenth Circuit

November 22, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ELIAS ARMENDARIZ-PEREZ,

    Defendant-Appellant.

No. 12-1346
(D.Ct. No. 1:12-CR-00112-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.
_____

Appellant Elias Armendariz-Perez pled guilty to one count of being found in the United States after deportation following a felony conviction. He now appeals his forty-month sentence, contending the district court improperly characterized his prior Texas conviction for burglary of a habitation as a crime of violence for the purpose of applying a sixteen-level enhancement pursuant to United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 2L1.2. We

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm.

## I. Background

On February 28, 2012, immigration authorities discovered Mr. Armendariz-Perez illegally in the United States and arrested him in Colorado. On June 11, 2012, Mr. Armendariz-Perez pled guilty to illegal reentry after deportation subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). Prior to his guilty plea, Mr. Armendariz-Perez entered into a fast-track plea agreement with the government and filed a statement in advance of that plea. In the agreement, Mr. Armendariz-Perez stipulated he previously received a felony conviction in Texas for "burglary of a habitation" and seven years probation. In estimating the Guidelines computations and indicating some disagreement may arise as indicated, the parties stated: "[t]he following specific offense characteristics apply: There is a 12-level increase under § 2L1.2(b)(1)(A) because [Mr. Armendariz-Perez] was previously removed following a conviction for a felony that is a crime of violence." The parties further agreed the government would file a motion for a four-level downward departure based on the early disposition (or fast-track) Guidelines provisions under U.S.S.G. § 5K3.1 unless, following a presentence investigation, "it is determined [Mr. Armendariz-Perez] has a previous conviction for a 'crime of violence,'" as defined in U.S.S.G. § 2L1.2 application note 1, in which case it would only move for a two-level

reduction. Under that definition, a "crime of violence" includes federal, state, or local "burglary of a dwelling," *see* U.S.S.G. § 2L1.2, cmt. n.1(B)(iii), and we define "dwelling" as including "any enclosed space that is used or intended for use as a human habitation." *United States v. Rivera-Oros*, 590 F.3d 1123, 1132 (10th Cir. 2009) (internal quotation marks omitted).[1] In addition, Mr. Armendariz-Perez agreed he could not "contest the government's determination" of whether his prior crime constituted a crime of violence for the purpose of moving for a downward departure under § 5K3.1. At the plea hearing, the district court accepted Mr. Armendariz-Perez's guilty plea, asking him multiple questions concerning his plea agreement, including whether he understood the charges against him and how the Guidelines may be applied in his case, to which he affirmatively answered.

Thereafter, a federal probation officer prepared a presentence report, recommending a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) for a "crime of violence" based on Mr. Armendariz-Perez's prior Texas conviction for burglary of a habitation under Texas Penal Code § 30.02.[2] Specifically, the

---

[1] The Guidelines and other sources of common law generally recognize burglary of a dwelling, such as a home or residence, as a "crime of violence" due to the increased possibility of the burglar confronting the resident, resulting in substantial risk of force being used and causing an increased risk of physical and psychological injury. *See Rivera-Oros*, 590 F.3d at 1130-31.

[2] Texas Penal Code § 30.02, to which Mr. Armendariz-Perez pled guilty,

(continued...)

presence report noted that on or about September 5, 1998, Mr. Armendariz-Perez intentionally or knowingly entered a habitation with the intent to commit theft without the effective consent of the owner, as indicated in the original indictment to which he pled guilty. The probation officer then calculated Mr. Armendariz-Perez's total offense level at 21 and his criminal history category at III, for a resulting advisory Guidelines range of forty-six to fifty-seven months in prison. Thereafter, as referenced in the agreement, the government filed for a two-level downward departure in his offense level, under U.S.S.G. § 5K3.1, for the purpose of reducing the Guidelines range to thirty-seven to forty-six months imprisonment. *See* U.S.S.G. Ch. 5, Pt. A (Sentencing Table).

Mr. Armendariz-Perez did not file objections to either the presentence report or the government's § 5K3.1 motion. At the sentencing hearing, his counsel stated Mr. Armendariz-Perez did not "have any objections or corrections to the presentence report" or any objection to the government's motion for a two-level departure, which the government pointed out was "based on the fact that the defendant's conviction for burglary constitutes a crime of violence." The district

---

[2](...continued)
states a person commits the offense of burglary if, without the effective consent of the owner, he or she "enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault ...." Texas Penal Code Ann. § 30.02(a)(1). "Habitation" is defined under another related Texas statute as a "structure or vehicle that is adapted for the overnight accommodation of persons," which includes, in part, "each structure appurtenant to or connected with the structure or vehicle." Texas Penal Code Ann. § 30.01(1)(B).

court granted the departure, resulting in an advisory Guidelines range of thirty-seven to forty-six months, and the government requested a sentence at the low end of the Guidelines range at thirty-seven months. While discussing the sentencing factors in 18 U.S.C. § 3553(a), the district court noted, in part, Mr. Armendariz-Perez "broke into a gentleman's house, the circumstances are unknown to the court," and that "[h]e was convicted of burglary of a habitation which is considered by the probation office and the law to be a crime of violence." After considering the requisite sentencing factors, the district court sentenced Mr. Armendariz-Perez to forty months imprisonment. Mr. Armendariz-Perez did not make a contemporaneous objection to the district court's characterization of his prior conviction or the sentence it imposed.

## II. Discussion

For the first time on appeal, Mr. Armendariz-Perez asserts his prior conviction for burglary of a habitation is not a "crime of violence" because a burglary committed under Texas Penal Code § 30.02 may include structures appurtenant to a residence or dwelling, which is broader than U.S.S.G. § 2L1.2(b)(1)(A)(ii) and its commentary, which require burglary of a dwelling in order to qualify as a crime of violence. *See* § 2L1.2(b)(1)(A)(ii) cmt. n. 1(B)(iii). Because he did not raise this argument before the district court, Mr. Armendariz-Perez contends our review is for plain error. In discussing plain error, he argues the district court committed an error in failing to conduct a categorical approach

and determine the statute is ambiguous because it defines burglary as including both a dwelling and structures appurtenant to it. He argues it then should have applied a modified categorical approach by relying on certain judicial records to decide if the offense involved the burglary of a dwelling.[3] Because a possibility exists he only burglarized an appurtenant structure, Mr. Armendariz-Perez contends the district court committed an error that was plain by characterizing his prior offense as a crime of violence. In making this argument, Mr. Armendariz-Perez discusses the burglary statutes of several states, pointing out Texas is in the minority in defining "burglary" to include outbuildings, and further suggests our prior precedent requires a modified categorical approach.

In support of applying a modified categorical approach, Mr. Armendariz-

---

[3] When a defendant contests whether his prior conviction is a crime of violence, we have generally held the trial court is required to take a categorical approach by looking only to the fact of the conviction and the statutory definition of the prior offense. *United States v. Hernandez-Rodriguez*, 388 F.3d 779, 782 (10th Cir. 2004) (relying on *Taylor v. United States,* 495 U.S. 575, 602 (1990)). However, when the statute reaches behavior that may or may not encompass conduct that constitutes a crime of violence, we and the Supreme Court have held an exception exists allowing the district court to examine the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented, to determine if the actual offense the defendant was convicted of qualifies as a crime of violence. *See Shepard v. United States*, 544 U.S. 13, 16 (2005); *Hernandez-Rodriguez*, 388 F.3d at 782-83. This modified categorical approach allows the sentencing court to examine sources of undisputed information, rather than conduct a fact-finding inquiry, thereby sparing it from conducting mini-trials on prior offenses which have already been adjudicated. *See United States v. Damon*, 127 F.3d 139, 145-46 (1st Cir. 1997). Since the filing of this appeal, the Supreme Court has elaborated further as to when the modified approach applies, as discussed hereafter. *See Descamps v. United States*, 133 S. Ct. 2276 (2013).

Perez filed an unopposed motion to supplement the appellate record with judicial records from his prior conviction, which we granted. He filed such supplemental documents prior to the Supreme Court's issuance of *Descamps*, contending these documents will show that the state of Texas charged him with general burglary of a habitation without any further specification as to whether it involved burglary of a dwelling or an appurtenant structure. As a result, he argued, both the third and fourth prongs of our plain error review are met because he can show a reasonable probability of a different outcome absent the district court's plain error in treating his conviction as a crime of violence and a strong possibility the district court would have sentenced him at a lower Guidelines range without such an error.

Since Mr. Armendariz-Perez's supplemental motion, the Supreme Court, in *Descamps*, explained that the "modified categorical approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." 133 S. Ct. at 2283. However, it further explained the modified categorical approach does not apply if "state law defines burglary not alternatively, but only more broadly than the generic offense." *Id.* Based on such supplemental authority, Mr. Armendariz-Perez now argues the modified categorical approach does not apply, as the Texas statute at issue is not divisible by setting out one or more elements of the offense in the alternative, but is written more broadly, and, instead, only a categorical approach

applies, under which he must prevail.

In countering Mr. Armendariz-Perez's claims, the government asserts he invited the error he now raises because he "urged the district court to find that his prior conviction qualifies as a crime of violence" in his plea agreement and further waived the issue by not objecting to the facts in the presentence report, including that he committed a crime of violence for burglary of a dwelling. Alternatively, it contends that if plain error analysis applies, his argument must fail because he now has the burden of proof to show his conviction was not a crime of violence. It suggests the documents he provided do not meet this burden, and therefore, he fails to establish a different outcome in the district court proceeding or the possibility of a lesser sentence.

We begin by explaining an "invited error" "prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was in error." *United States v. Lopez-Medina*, 596 F.3d 716, 733 n.10 (10th Cir. 2010) (internal quotation marks omitted). "Our prior cases make clear that waiver bars a defendant from appealing an invited error." *United States v. Carrasco-Salazar*, 494 F.3d 1270, 1272 (10th Cir. 2007). "[W]aiver is the intentional relinquishment or abandonment of a known right" and is "accomplished by intent" rather than neglect.[4] *Id.* (internal quotation marks

_____

[4] As the Supreme Court has explained, "forfeiture is the failure to make the timely assertion of a right, [while] waiver is the intentional relinquishment or

(continued...)

-8-

omitted). In addition, we have held that once a defendant's guilty plea is entered and accepted by the court, he is bound by the agreement, subject only to provisions regarding its withdrawal. *See United States v. Novosel*, 481 F.3d 1288, 1293 n.3 (10th Cir. 2007).

In this case, contrary to the government's contention, a fair reading of the plea agreement shows the parties merely estimated the Guidelines computations, and, in doing so, stated a twelve-level–not a sixteen-level–increase for a "crime of violence" applied.[5] While the parties now agree the reference to a twelve-level increase was mistaken, such an error prevents a conclusion Mr. Armendariz-Perez invited the sixteen-level enhancement error of which he now complains. In addition, while the parties indicated in the plea agreement that § 2L1.2(b)(1)(A)(ii) applied for "a crime of violence," they also agreed the government would determine, at a later date, whether Mr. Armendariz-Perez committed a crime of violence for the purpose of moving for a downward departure under § 5K3.1. Thus, ambiguity exists as to whether Mr. Armendariz-

---

[4](...continued)
abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted). *See also United States v. Jones*, 530 F. 3d 1292, 1298 n.1 (10th Cir. 2008) (similarly clarifying difference and noting "forfeiture" is sometimes mistakenly or interchangeably referred to as "waiver").

[5] Section 2L1.2(b)(1)(A)(ii) prescribes a sixteen-level enhancement for a prior conviction involving a "crime of violence." A crime of violence means "any of the following offenses under federal, state, or local law [including] ... burglary of a dwelling." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

Perez agreed in his plea agreement he committed a crime of violence for the purpose of any invited error analysis.

Nevertheless, even if he did not invite the error of which he now complains or, as the government contends, waive the issues raised for the first time on appeal, Mr. Armendariz-Perez cannot prevail under a plain error review. Under the plain error test, an appellate court may correct an error not raised at trial if (1) an error occurred; (2) that is "plain"; and (3) which affects substantial rights; and if these first three criteria are met, we may exercise our discretion to correct the error if it (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *See Johnson v. United States*, 520 U.S. 461, 466-67 (1997). A defendant has the burden of establishing all of these criteria and because they are conjunctive, we need not continue our analysis if we determine any one of them is not met. *See United States v. Gonzalez Edeza*, 359 F.3d 1246, 1250 (10th Cir. 2004). We note that to constitute plain error, it must be an error which is clear or obvious under current or well-settled law. *See United States v. McGehee*, 672 F.3d 860, 876 (10th Cir. 2012); *United States v. Edgar*, 348 F.3d 867, 871 (10th Cir. 2003). Well-settled law means the Supreme Court or this court must have addressed the issue. *See Edgar*, 348 F.3d at 871.

In this case, even if we presume the district court erred in characterizing

the prior conviction as a crime of violence,[6] the error was not plain. This is because the district court had no basis to believe Mr. Armendariz-Perez's prior crime did not involve burglary of a dwelling or a crime of violence due to his failure to dispute such characterization of his prior offense, either in the presentence report or at the sentencing hearing. *See United States v. Zubia-Torres*, 550 F.3d 1202, 1208-09 (10th Cir. 2008). Instead, Mr. Armendariz-Perez's failure to object would not have alerted the district court to any error, plain or otherwise, in its characterization or signal an obligation by it to apply a categorical approach to the statute or determine whether a modified categorical approach even applied for the purpose of considering any prior sentencing documents, which neither party deemed necessary for proffer. Indeed, while the district court did not have the benefit of the Supreme Court's analysis of *Descamps* at the time of sentencing, the fact that the elements of the Texas statute do not appear to be divisible establishes no error occurred in its failure to apply a modified categorical approach.[7] *See* 133 S. Ct. at 2282. For these reasons, we

---

[6] This court has generally held it is not "error" for a district court to adopt uncontested facts in the presentence report based on a defendant's failure to allege a factual inaccuracy. *See United States v. Rodriguez-Delma*, 456 F.3d 1246, 1254 (2006)*; United States v. Overholt,* 307 F.3d 1231, 1253 (10th Cir. 2002).

[7] As previously noted, Texas Penal Code § 30.02 states a person commits the offense of burglary if, without the effective consent of the owner, he or she "enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault," and habitation is

(continued...)

also cannot say the district court committed plain error in failing to *sua sponte* consider or apply either approach in assessing whether the prior conviction constituted a crime of violence. *See United States v. Easter*, 981 F.2d 1549, 1556-57 (10th Cir. 1992). Similarly, while Mr. Armendariz-Perez claims the statute, on its face, under a categorical review is too broad or ambiguous to show he actually burglarized a dwelling, no controlling authority exists in this circuit[8] or the Supreme Court on this issue. Rather, it appears the only court which has considered Texas Penal Code § 30.02 on categorical grounds is the Fifth Circuit, which has jurisdiction over federal crimes in Texas and determined, based on its examination of the statute alone, that the offense of "burglary of a habitation" under Texas Penal Code § 30.02 is the same as "burglary of a dwelling" for the

---

[7](...continued)
defined as a "structure or vehicle that is adapted for the overnight accommodation of persons," which includes, in part, "each structure appurtenant to or connected with the structure or vehicle." Texas Penal Code Ann. §§ 30.01(1)(B) and 30.02(a)(1).

[8] While this circuit has not decided the matter at hand, in a previous case involving the same issue we assumed–without deciding–that Texas Penal Code § 30.02 covers both burglaries of dwellings, which are violent crimes under § 2L1.2, as well as burglaries of "appurtenances," which are not crimes of violence. *See United States v. Ventura-Perez*, 666 F.3d 670, 673-74 (10th Cir. 2012). We did so for the purpose of more readily disposing of the case on other grounds, applying the modified categorical approach and viewing the applicable court documents, which clearly indicated the defendant's burglary involved a home, and not an appurtenant building. *Id.* at 674-77. In light of *Descamps*, it now appears a modified categorical approach is not applicable to the Texas statute. Nonetheless, the fact remains that this circuit has never conducted a categorical analysis of the Texas statute at issue.

purpose of applying U.S.S.G. § 2L1.2 for a "crime of violence." *See United States v. Garcia-Mendez* 420 F.3d 454, 456-57 (5th Cir. 2005). This position is contrary to Mr. Armendariz-Perez's argument, even though it does not have precedential authority in this circuit. In any event, no controlling law, or even law from another circuit dealing with a categorical review of the Texas statute, conclusively holds the district court erred in applying a sixteen-level enhancement for its characterization of his prior conviction as a crime of violence, leaving us to conclude the error, if any, was not plain. *See Edgar*, 348 F.3d at 871 (holding error is plain only if error is clear or obvious under current or well-settled law).

Having made these determinations, we need not elaborate further on Mr. Armendariz-Perez's arguments,[9] including conducting our own examination of the Texas statute or providing a further explanation of why a modified categorical analysis does not apply and no examination is needed of the prior conviction documentation submitted for the first time on appeal. Accordingly, we conclude the district court did not commit plain error in applying a sixteen-level enhancement for his prior conviction under Texas Penal Code § 30.02.

---

[9] We note Mr. Armendariz-Perez's reliance on other circuit courts' decisions examining state burglary statutes other than the Texas statute at issue is unpersuasive and immaterial to our waiver and plain error review, and we need not consider those statutes here.

III. Conclusion

For the foregoing reasons, we **AFFIRM** Mr. Armendariz-Perez's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

No. 12-1346, *United States v. Armendariz-Perez*

**PHILLIPS**, Circuit Judge, dissenting


The district court enhanced Armendariz's sentence by 16 offense levels after finding at the sentencing hearing that "[h]e was convicted of burglary of a habitation, which is considered by the probation office *and the law* to be a crime of violence."[1] (ROA vol. 2, at 24 (emphasis added).) In doing so, the district court applied the categorical approach to determine that a Texas "burglary of a habitation" qualifies as a "burglary of a dwelling" (and hence a "crime of violence") under U.S.S.G. § 2L1.2(b)(1)(A)(ii), n.1(B)(iii). Because I believe that in opposing the enhancement Armendariz has met the four requirements of plain error, I would reverse and remand for resentencing.

1. *Error*

In determining that convictions for burglary of a habitation under Texas Penal Code § 30.02 categorically qualify as a burglary of a dwelling under § 2L1.2, the district court failed to consider *United States v. Ventura-Perez*, 666 F.3d 670 (10th Cir. 2012).

---

[1] By this language, I believe the district court found that these Texas burglaries categorically are crimes of violence. But immediately before this, the court also said—without any support in the presentence report or elsewhere in the record—that Armendariz "broke into a gentleman's house, the circumstances are unknown to the court." (ROA vol. 2, at 24.) If by this the district court in fact meant to apply a modified categorical approach, it did so incorrectly. The question is not whether Armendariz had in fact burglarized a house, but instead whether he had necessarily been convicted of doing so. *See, e.g.*, *Descamps v. United States*, 133 S. Ct. 2276, 2286 (2013) ("Whether Descamps *did* break and enter makes no difference. And likewise, whether he ever admitted to breaking and entering is irrelevant." (emphasis in original)).

There, this Court applied a modified categorical analysis to the definition of "habitation" as used in § 30.01(1)(A), (B). *Id.* at 673, 676. It divided "habitation" into two parts, reasoning that even if the second part (§ 30.01(B)) included non-dwellings "the modified categorical approach would permit the government to show that a defendant's prior conviction" was for a burglary under the first part (§ 30.01(1)(A)), which included only dwellings. *Id.* at 676. *see also United States v. Porras-Rubi*, 468 F. App'x 892, 898 (10th Cir. 2012) (unpublished) (also applying modified categorical approach to "habitation" under the same Texas burglary statute).

In my view, the district court erred by treating all burglaries of habitations under Texas Penal Code § 30.02 as "burglaries of dwellings" under U.S.S.G. § 2L1.2 n.1(B)(iii). The district court should have followed *Ventura-Perez* and divided "habitation" into its two constituent parts. Once it had done so, it could have compared each part to the definition of generic "dwelling" given by *United States v. Rivera-Oros*, 590 F.3d 1123 (10th Cir. 2009).

In *Rivera-Oros*, this Court defined generic "dwelling" as "not limited to permanent and immovable structures or buildings," but "[r]ather a 'dwelling' includes[2] any 'enclosed space that is used or intended for use as a human habitation.'"[3] *Id.* at 1131-

---

[2] As shown in footnote 4, the same criminal definition in Black's Law Dictionary exclusively "includes" as dwellings only four other "enclosed spaces": buildings, parts of buildings, tents, and mobile homes used or intended for use as a human habitation.

[3] In interpreting the Sentencing Guidelines, this Court seeks to apply the Sentencing Commission's intent. *See United States v. O'Flanagan*, 339 F.3d 1229, 1235 (10th Cir. 2003). The definition adopted in *Rivera-Oros* passes this test. In 1993, the Commission revealed its intent on this subject when it declined to expand "burglary of a dwelling" to

1132 (quoting Black's Law Dictionary 582 (9th ed. 2009)).[4] Because sheds, unattached garages, and other appurtenant structures are not intended for use as human habitations, and because not all other structures intended for human habitation are necessarily enclosed,[5] the second kind of Texas "habitations"—appurtenant structures—do not qualify as "dwellings" under U.S.S.G. § 2L1.2. *See* Texas Penal Code § 30.01(1)(B).

In light of *Ventura-Perez* and *Rivera-Oros*, the district court needed the *Shepard* documents to see whether Armendariz was necessarily convicted of burglarizing a structure adapted for the overnight accommodation of persons. On appeal, Armendariz has provided us with the *Shepard* documents, and these documents do not show Armendariz's conviction was on such narrow grounds.[6] Texas case law tells us that

---

include "'any adjacent outbuilding considered part of the dwelling.'" *See* 58 Fed. Reg. 67533 (proposed Dec. 21, 1993).

[4] The full definition is as follows: "**dwelling house.** (15c) **1**. The house or other structure in which a person lives; a residence or abode. **2**. *Real estate.* The house and all buildings attached to or connected with the house. **3**. *Criminal law.* A building, a part of a building, a tent, a mobile home, or another enclosed space that is used or intended for use as a human habitation. The term has referred to connected buildings in the same curtilage but now typically includes only the structures connected either directly with the house or by an enclosed passageway.—Often shortened to *dwelling*.—Also termed (archaically) *mansion house*; (more broadly) *dwelling place*. Black's Law Dictionary 582 (9th ed. 2009).

[5] Texas's definition of "building" is limited to enclosed structures. Its definition of "habitation" is not. *See* Texas Penal Code § 30.01(1), (2).

[6] The grand jury indictment in the Texas state court charged Armendariz with burglarizing a "habitation" without the effective consent of Emilio Perez, the owner thereof," in violation of Texas Penal Code § 30.02(a)(1)(c)(2). (Supp. ROA vol. 1, doc. 1, at 1.) The Order Deferring Adjudication listed as the offense charged "Burglary of a Habitation *Texas Penal Code § 30.02(a)(1)(c)(2)*." (*Id.* at 2.) The "Plea Bargain Agreement" did not specify the charged offense but did provide for "Restitution of $300.00 Emilio Perez, 970 Stephens, Stephenville, TX 76401, and $220.00 to Wild Bill's Pawn Shop 1001 N. Fisk, Brownwood, TX 76801." (*Id.* at 6.) The "Stipulation of Evidence" noted that he had admitted entering a "habitation" "without the effective

convictions under Texas Penal Code § 30.02 can reach "non-dwellings," including

appurtenant structures not adapted for overnight accommodation.[7] Accordingly, because

Armendariz was not necessarily convicted of burglarizing a generic "dwelling," the

district court should not have enhanced his sentence by 16 offense levels.[8]

Without discussing *Ventura-Perez*, the panel agrees with the district court that the

categorical approach applies here. *See* Order and Judgment at 11 ("[T]he fact that the

elements of the Texas statute do not appear to be divisible establishes no error occurred

in its [the district court's] failure to apply a modified categorical approach."). In

concluding this, the panel relies on *Descamps v. United States*, 133 S. Ct. 2276 (2013), to

establish that the "habitation" element in the Texas burglary statute is indivisible.

---

consent of Emilio Perez, the owner thereof." (*Id.* at 9.) At his plea hearing, the judge informed him that he was charged with burglary of a "habitation." (Supp. ROA vol. 1, doc. 3, at 6.) In response to the judge's question, Armendariz admitted having entered a "habitation." (*Id.* at 11.) A "Criminal Docket" carries a notation that the offense was "Burglary of a Habitation with intent to commit theft § 20.02(a)(1)(c)(2)." (Supp. ROA vol. 1, doc. 2, at 1.) The government has offered nothing to counter these documents, and when asked at oral argument it could not identify any additional *Shepard* document narrowing the conviction.

[7] *See, e.g.*, *Mitchell v. State*, No. 14-95-01074-CR, 1998 WL 350516, at *2–*3 (Tex. Ct. App. June 25, 1998) (finding that an unconnected storage shed twenty or thirty feet from the house was appurtenant to the house under the Texas burglary statute); *Darby v. State*, 960 S.W.2d 370, 371–72 (Tex. Ct. App. 1998) (finding that an unattached garage used for storage and located about nine feet from the home was appurtenant to the house under the Texas burglary statute); *Tennyson v. State*, No. 11-92-107-CR, 1993 WL 13141619, at *2 (Tex. Ct. App. 1993) (finding that a connected carport open on three sides was a habitation under the Texas burglary statute); *Jones v. State*, 690 S.W.2d 318, 319 (Tex. Ct. App. 1985) (finding that an unattached garage is a structure appurtenant to a residence and thus a "habitation").

[8] Although I agree with the panel that no one alerted the district court to the possible error, I do not think this matters in determining whether the district court erred. *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("If a legal rule was violated during the district court proceedings, and if the defendant did not waive the rule, then there has been an 'error' within the meaning of Rule 52(b) despite the absence of a timely objection.").

4

I disagree with the panel's reading of *Descamps*. That case involves a far different question from the one presented here, and nothing in that case counsels or compels that this Court abandon *Ventura-Perez*. Rather than involving the instant question whether a statutory element (e.g., "habitation") was divisible, *Descamps* addressed an unrelated question whether the government could prove a missing generic burglary element in California's burglary statute (unlawful entry) by using *Shepard* documents to show that a defendant had *in fact* unlawfully entered the property he burglarized. 133 S. Ct. at 2281–82. Although the Ninth Circuit allowed this expansion of the modified categorical approach, the Supreme Court did not. *Id.* at 2282. Instead, the Court reaffirmed that the controlling issue is whether a defendant necessarily was convicted of each generic element, not whether he "*committed* generic burglary, and so hypothetically *could have been* convicted under a law criminalizing that conduct." *Id.* at 2287–88 (emphasis in original).

Here, by contrast, the issue is whether the two kinds of structures from separate statutory phrases in Texas's definition of "habitation" are alternative elements. Nothing in *Descamps* disallows *Ventura-Perez*'s use of the modified categorical approach to evaluate whether either of the statutory phrases for habitation matched generic "dwelling." In fact, responding to a hypothetical statute used by the Ninth Circuit to illustrate its view, the Court in *Descamps* said that a statute criminalizing assault with any of eight specified weapons would be divisible under a modified categorical approach to try to learn whether a defendant had necessarily been convicted of using a specific kind of weapon, e.g., a gun. *Id.* at 2290. The Court contrasted that with another hypothetical

5

statute requiring "only an indeterminate 'weapon.'" In this second case, the Court said that "even if in many cases, the jury could have readily reached consensus on the weapon used, a later sentencing court cannot supply that missing judgment." *Id.*

The Texas statute defining "habitation" is more like *Descamps*'s first hypothetical statute. It provides two separate kinds of habitation—(i) "structures adapted for the overnight accommodation of persons" and (ii) "structure[s] appurtenant or connected with the structure." Just as a prosecutor could charge the use of any one of the eight particular kinds of weapon under *Descamps*'s first hypothetical statute, a Texas prosecutor could charge burglary of either kind of habitation found in the two separate statutory phrases.

However, even if the panel is correct that "habitation" is indivisible despite *Ventura-Perez*, Armendariz still should prevail. The indivisible "habitation" element would lump together all the structures from the two separate statutory phrases. This lumped "habitation" would then include the non-dwellings already mentioned—sheds, detached garages, and other outbuildings not intended for overnight accommodation, as well as any unenclosed structures intended for overnight accommodation. Because the lumped "habitation" under the categorical approach would be broader than generic "dwelling" as defined in *Rivera-Oros*, no convictions under Texas's "burglary of a habitation" statute could qualify as a "burglary of a dwelling" under U.S.S.G. § 2L1.2. *See Descamps*, 133 S. Ct. at 2283 ("[I]f the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as an ACCA predicate, even if the

6

defendant actually committed the offense in its generic form. The key, we emphasized, is elements, not facts.").

2. *Plain*

When the district court categorically found that Armendariz's Texas burglary conviction qualified as a burglary of a dwelling under U.S.S.G. § 2L1.2, the court committed error that was plain. *See United States v. Olano*, 507 U.S. 725, 734 (1993). (treating "plain" as the equivalent of clear or obvious under current law). Here, the legal authorities showing the error were all readily available: (1) *Ventura-Perez*'s treatment of "habitation" as divisible under the Texas burglary statute; (2) *Rivera-Oros*'s definition of generic "dwelling"; and (3) the Texas cases finding that appurtenant structures such as sheds and detached garages qualify under its burglary statute as "habitations." Combining these three legal pieces, I conclude the district court committed plain error by treating all Texas burglary of habitation convictions as qualifying as burglary of dwelling convictions under U.S.S.G. § 2L1.2.

3. *Substantial Prejudice*

In *United States v. Zubia-Torres*, 550 F.3d 1202 (10th Cir. 2008), this Court reviewed for plain error a case similar to this one. As here, the district court enhanced a defendant's sentence by 16 offense levels under U.S.S.G. § 2L1.2, but this time after finding a prior conviction for "drug trafficking" under a Nevada statute. *Id.* at 1204. Because the defendant had failed to object to the enhancement in the district court, he had the burden on appeal to show substantial prejudice. *Id.* at 1209. The Court found that he had failed to meet his burden, saying that he could show that the district court's ruling

7

disadvantaged him "only if the government were unable to prove, by appropriate judicial documents, that his prior conviction was for drug trafficking." *Id.* at 1210. He needed to "present evidence on appeal indicating that imposition of the enhancement was erroneous . . . ." *Id.* Along the same lines, the Court found that he could demonstrate that his substantial rights had been prejudiced by "show[ing] that the error 'affected the outcome of the district court proceedings.'" *Id.* at 1209 (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005)). This language strongly suggests that the defendant could have prevailed on appeal had he provided to the panel the necessary *Shepard* documents showing a likelihood that with these he would have obtained a different result in the district court.

But in *United States v. Castellanos-Barba*, 648 F.3d 1130 (10th Cir. 2011), another case involving an enhancement of 16 offense levels under U.S.S.G. § 2L1.2 for a "drug trafficking" conviction, this Court felt "bound by circuit precedent to conclude that the error did not affect substantial rights." *Id.* at 1133 (citing *Zubia-Torres*, 550 F.3d at 1209). It read *Zubia-Torres* as requiring a "defendant arguing plain error in the application of § 2L1.2 to make a showing before this court that his earlier conviction did not, *in fact*, involve drug trafficking conduct." *Id.* (emphasis added). The Court believed that *Zubia-Torres* required a "showing that his conviction was for transportation for personal use rather than drug trafficking conduct . . . ." 648 F.3d at 1133. It not only switched the burden on appeal, it changed what needed proved.

Presumably, the Court felt bound by this sentence from *Zubia-Torres*: "Even on appeal, the defendant offers no evidence that his conviction was for mere possession

8

rather than sale." But the very next sentence clarifies that the standard on appeal is not whether a defendant can prove his actual conduct would not have met the generic definition but instead the standard is whether the *Shepard* documents would have changed the outcome in the district court: "We therefore have no way to know whether the enhancement properly *applied*." *Zubia-Torres*, 550 F.3d at 1209 (emphasis added). For these reasons, I believe that *Castellanos-Barba* misread *Zubia-Torres*.

In *Olano*, while addressing the substantial-prejudice prong, the Supreme Court focused on whether the error in the district court mattered. 507 U.S. at 734. The Court said that a defendant on appeal arguing plain error must show prejudice. *Id.* To meet this burden of persuasion, the Court said that a defendant must show that the error "affected the outcome of the district court proceedings." *Id.* (citations omitted). Nothing in *Zubia-Torres* suggested any intent to depart from *Olano*'s plain-error framework. In fact, as noted above, in determining whether a defendant had shown prejudice, *Zubia-Torres* repeatedly focused on whether the error would have affected the outcome in the district court. 550 F.3d at 1209–10. In *Zubia-Torres*, the Court could not answer that question since it had no *Shepard* documents by which to determine whether the "imposition of the enhancement was erroneous . . . ." *Id.* at 1210. Here, we do have the necessary *Shepard* documents, and they show that they would have affected Armendariz's sentencing calculation.

4. *Fairness, Integrity, or Public Reputation of Judicial Proceedings*

Believing that Armendariz has met the first three prongs of plain error review, I would favor exercising discretion to correct the error because "it seriously affects the

9

fairness, integrity, or public reputation of the judicial proceedings." *Zubia-Torres*, 550 F.3d at 1208. Here, had the district court not treated Armendariz's Texas burglary conviction as a burglary of a dwelling (and hence as a "crime of violence"), he would have received just a four-level enhancement under U.S.S.G. § 2L1.2(b)(1)(D). In addition, under the plea agreement, had the probation office found no crime of violence the district court would have been fully justified in awarding Armendariz a full four-level reduction under the fast-track guideline, U.S.S.G. § 5K3.1. Accordingly, rather than being sentenced at a total offense level of 19, he may well have been sentenced at a total offense level of 6 and a criminal history category of III. Accordingly, his advisory range may have fallen from 37–46 months to 2–8 months. In cases with less severe disparities, this Court has exercised its discretion to correct the error. *See United States v. Cordery*, 656 F.3d 1103, 1108 (10th Cir. 2011) (using its discretion under the fourth prong of plain error analysis when the bottom of the advisory range mistakenly used was 56 months and should have been 51 months).

For all these reasons, I respectfully dissent.